THOMAS MACKINSON, PLAINTIFF IN ERROR, v. REDMOND P. CONLON, DEFENDANT IN ERROR.

If a building contract merely authorizes an architect to certify that the contract is performed to his satisfaction, his certificate that it is not so performed because of certain defects in the work, has no binding effect upon the contracting parties.

---

On error.

The plaintiff contracted with the defendant, under seal, to do the mason work of a certain building, under the direction and to the satisfaction of J. O'R., an architect, to be testified by a writing or certificate under his hand; and the defendant contracted ·to pay the plaintiff therefor as follows: $1,000 when the building was enclosed, $800 when the plastering was finished and $600 when the contract was finished, provided that, in each of said cases, a certificate should be obtained, signed by said architect. The first two payments having been duly made, the plaintiff brought suit for the third, alleging, in the first count of his declaration, that the architect fraudulently withheld his certificate, and in the other counts relying on the common *indebitatus assumpsit*. The defendant pleaded the general issue. At the trial in the Essex Circuit, the plaintiff put in evidence, as part of his proof under his first count, three letters: *First*. One from

the defendant to the plaintiff, dated June 6th, 1892, saying: "Dear Sir—In accordance with my promise to you (and after calling several times and finding him out), I finally did see Mr. J. O'R. with reference to your final payment. Mr. O'R. said he would give the matter immediate attention and send you a certificate showing that the work had been finished with the exception of certain defects, and his estimate of said defects. When the same is received by you I am ready to pay you accordingly." *Second.* A letter from the architect to the defendant, dated June 4th, 1892, a copy of which was sent by the architect to the plaintiff about June 9th, 1892, as follows: "Sir—I hereby certify that the contract of Thomas Mackinson for the mason work of your new residence is now finished, except in the following-named particulars, which particulars, with the estimated values of same, are hereto subjoined: Inferior plastering, 1,200 yds., @ 5c., $60.00. Inferior brick work, rear and sides, 32,000, @ $1.25, $40.00. Front stoop, defective in size and setting, $25.00. Total, $125.00." *Third.* A letter from the defendant to the plaintiff, dated June 9th, 1892, as follows: "Dear Sir—Enclosed herewith I hand you my check for the sum of $475, for which please acknowledge receipt. If the amount of this check (which is the same as on the architect's certificate) is not entirely satisfactory to you, you will please return it at once." With the last letter was enclosed the defendant's check to the plaintiff's order, for $475, "in full payment of balance due on contract, as per certificate of architect." The plaintiff immediately returned the check to the defendant, refusing to accept less than $600. In his defence, the defendant insisted that this correspondence, including the certificate of the architect, was merely part of an effort on his side to compromise the plaintiff's claim, so as to avoid litigation.

The judge charged the jury that there was no evidence to warrant a finding that the architect had acted fraudulently, but that his certificate of June 4th, 1892, although not in conformity with the terms of the original contract, having

the consent and approval of the defendant, was a sufficient voucher to enable the plaintiff to present his case before the court and jury, and that the plaintiff was entitled to recover the amount of that certificate, $475, with interest from its date, subject to such deduction, for defective performance of the contract, as ought, under the evidence, to be made, in excess of the $125 taken off by the certificate.

To this charge the defendant excepted, and error is assigned thereon.

For the plaintiff in error, *R. Wayne Parker*.

For the defendant in error, *Frank E. Bradner*.

The opinion of the court was delivered by

DIXON, J.  We think that the charge of the learned judge gave undue effect to the certificate of June 4th.  The contract authorized the architect to certify only when the several payments specified were due, and this certificate was not of that character.  It therefore could derive no validity from the contract.  Its force must be gathered from other acts of the parties respecting it.  The plaintiff never accepted or acquiesced in it, but at all times repudiated it.  The defendant's letters and check clearly show that he did not assent to its taking the place of the certificate prescribed by the contract, as a condition precedent to a suit on the contract for the final payment.

The attention of the trial court should have been directed to the inquiry whether the defendant had waived the production of the final certificate (*Byrne* v. *Sisters of St. Elizabeth*, 16 *Vroom* 213), or had accepted the work done in such manner as to render him liable for it on the *quantum meruit*. *Bozarth* v. *Dudley*, 15 *Vroom* 304.  These are questions of fact which we cannot decide.

The judgment below should be reversed and a *venire de novo* should issue.

*For affirmance*—None.

*For reversal* — THE CHANCELLOR, CHIEF JUSTICE, ABBETT, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH.  14.