*37 Vroom.*          Gwynne v. Hitchner & Yerkes.

66   97.
67   657

JOHN H. GWYNNE v. FRANK G. HITCHNER AND E. FRANK
    YERKES, PARTNERS AS HITCHNER & YERKES.

Argued November 13, 1900—Decided February 25, 1901.

The plaintiff was employed for four and a half months as a color
    mixer by the defendants in the manufacture of wall paper. He
    agreed to do his work in a workmanlike manner and to the satis-
    faction of the defendants. *Held,* that the defendants had a right
    to judge for themselves whether his work was satisfactory, and
    that it should not have been left to the jury to determine whether
    they ought to have been satisfied.

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the prosecutors, *William C. French* and *George A.
Vroom.*

For the defendant in *certiorari, Francis D. Weaver* and
*John W. Wescott.*

The opinion of the court was delivered by

VAN SYCKEL, J.   On the 15th day of February, 1900.
Hitchner & Yerkes, wall paper manufacturers, in Camden,
this state, entered into a written contract with John H.
Gwynne, by which they agreed to employ him as color mixer
in their works from that date until July 1st, 1900, at a salary
of $30 per week.   The said Gwynne agreed on his part to per-
form his work "in a workmanlike manner and satisfactory
to said Hitchner & Yerkes."

Before the expiration of the stipulated term of service the
said Gwynne was discharged by his employers, and this suit
was brought in the District Court of Camden by Gwynne to
recover damages for the alleged breach of said contract.

This *certiorari* brings up for review the judgment rendered
for the plaintiff in the trial court.   The plaintiff there testi-

fied that he commenced work under the contract, and that he did his work in a workmanlike and satisfactory manner.

In their defence Hitchner & Yerkes testified that the work they employed the plaintiff to do required great care and skill, and that the work done by the plaintiff was not satisfactory to them; that their goods were returned to them on account of their poor quality, which was due to the poor workmanship of the plaintiff.

The plaintiff in rebuttal produced testimony to show that he was a competent and skillful workman, and that the materials furnished him were not of the proper quality.

To meet this evidence the defendants offered testimony tending to show that the materials furnished to the plaintiff were of the best quality, and were purchased on the recommendation of the plaintiff.

The trial judge charged the jury that if it found that the plaintiff did not do his work in a skillful and workmanlike manner, the employers were entitled to a verdict, but if it was found that the plaintiff did his work in a workmanlike and skillful manner and to the reasonable satisfaction of the employers, not to the satisfaction that would be the result of a whim, or a fancy or notion, then the plaintiff was entitled to a verdict.

In substance and effect, the trial judge left it to the jury to determine, under the evidence, whether the employers had any reasonable cause to be dissatisfied, and if not, then the plaintiff was entitled to recover.

The prosecutors insist that the employers had the right to determine for themselves whether the plaintiff's work was satisfactory, and that their judgment was not subject to be controverted by evidence.

This is not a novel question—the reports are full of cases upon this subject.

The great and decided weight of authority is against the view which the trial court took in the charge to the jury. In *Tyler* v. *Ames*, 6 *Lans.* 280, the contract was to employ an agent for a year, "if he could fill the place satisfactorily."

The court held that the contract might lawfully be termi-

nated by the employer when, in his judgment, the agent failed to meet the requirement of the contract; that it was for the employer to determine when plaintiff failed, and his judgment was not reviewable; that the word "satisfactorily" referred to the mental condition of the employer, and not to that of the court or jury; that if the plaintiff was required to prove facts and circumstances justifying his dissatisfaction, it would annul this clause of the contract, as without such clause he would have the right to terminate the employment if the servant did not properly perform his duties.

Where a machine was sold on trial, with the condition that if it worked to suit the purchaser and he could use it satisfactorily on his land, of which he was to be the judge, he should keep it upon the agreed terms, otherwise return it, the Supreme Court of Pennsylvania, in *Seeley* v. *Welles,* 13 *Atl. Rep.* 736, sustained the right of the purchaser to refuse to accept it, if, upon trial, he, in good faith, decided that it was not satisfactory, notwithstanding his objections to it might, in the opinion of others, be ill founded or even unreasonable.

In *Spring* v. *Ansonia Clock Co.,* 24 *Hun* 175, in a contract like that *sub judice,* the court ruled that the employer could discharge the workman without assigning any reason therefor and subject to no control by the courts; that the will of the employer was the only tribunal to which the question could be referred.

*Hart* v. *Hart,* 22 *Barb.* 606, is to the like effect—that courts will not assume to determine this question of satisfaction for the person who reserves the right to exercise his own judgment.

In *Brown* v. *Foster,* 113 *Mass.* 136, it appeared that the plaintiff had agreed to make defendant a satisfactory suit of clothes, and that the defendant had returned the suit as unsatisfactory. The Supreme Court recognized the right of the defendant to do so, saying that even if he ought to have been satisfied, the action would not lie; that when the contract permits the defendant to decide for himself he cannot be deprived of that contract right.

It seems to us that this is a complete answer to the criticism made by the court, in *Folliard* v. *Wallace, 2 Johns.* 395, "that if the defendant were at liberty to judge for himself when he was satisfied, it would totally destroy the obligation, and the obligation would not be a contract."

If the defendant stipulates for the right to judge for himself, he cannot be denied that right without depriving him of the benefit of his contract.

*McCarren* v. *McNulty, 7 Gray* 139, is one of the same class of cases.

In *Zaleski* v. *Clark, 44 Conn.* 218, the contract was to make a bust to the satisfaction of defendant. The court held that as the bust was to be satisfactory to the defendant, it was for her alone to determine whether it was so, and it was not enough to sustain the action for the price that her dissatisfaction was unreasonable; that the contract was not to make a bust that she ought to be satisfied with, but one that she would be satisfied with; that a contract to make a bust perfect in every respect and one with which she ought to be satisfied is one thing; an undertaking to make one with which she will be satisfied is quite another thing. The former can only be determined by experts, the latter only by defendant herself.

*Gibson* v. *Cranage, 39 Mich.* 49, maintains the doctrine adopted in Zaleski *v.* Clark, and cites the Massachusetts cases in its support.

*McClure* v. *Briggs, 58 Vt.* 82, presents the case of the sale of an organ, if vendee was satisfied with it on trial.

The declaration of the Vermont Supreme Court was that while the vendee was bound to act honestly and give a fair trial without feigning dissatisfaction, it was incumbent on the plaintiff, in order to recover, to show that the defendant was satisfied; that it was not enough to show that he ought to have been satisfied, and that his dissatisfaction was without good reason.

The court cited, with approval, the Massachusetts and Connecticut cases before referred to, and also the case of *Singerly*

v. *Thayer*, 25 *Am. L. Reg.* 14 (*Supreme Court of Pennsylvania*).

*Campbell Printing Press Co.* v. *Thorp*, 36 *Fed. Rep.* 414, is a leading case, in which many cases are collected. The printing press was guaranteed to be "free from defective material or workmanship, and that it would do its work satisfactorily."

The Michigan Supreme Court cited the cases before referred to, and held that where one agrees to do work to the satisfaction of another, the excellence of which is, to some extent, a matter of taste, as a portrait or a suit of clothes, the buyer may reject it without assigning any reason. In such a case the law cannot relieve against the folly of the vendor by inquiring whether the dissatisfaction of vendee was based upon reasonable grounds; that other cases extend the same doctrine to contracts for the performance of labor, making the employer the sole judge of the reasonableness of his own discontent; that the decided weight of authority was to that effect, the question being at rest in that state; citing *Machine Company* v. *Smith*, 50 *Mich.* 565, and *Manufacturing Company* v. *Ellis*, 35 *N. W. Rep.* 841.

In the case before us taste is, to some extent, involved in the approval of the coloring impressed upon wall paper, and it may properly be classified with that line of cases in which the purchaser's right to reject without assigning any reason, and where his action may appear to others to be unreasonable, has been almost universally acknowledged.

The propriety of this rule appears conspicuously in this case, from the fact that the defendants' business success would be imperiled if they were constrained to retain the plaintiff in their service under the circumstances here presented, at the risk of being mulcted in damages by a jury if they discharged him.

The instructions given to the jury by the trial judge were erroneous, and the judgment below should be reversed, with costs.