## COPE v. BEAUMONT.

(Circuit Court of Appeals, Third Circuit. October 3, 1910.)

### No. 1,286.

1. CONTRACTS (§ 289*) — WORK AND LABOR (§ 12*) — BUILDING CONTRACT—ARCHITECT'S CERTIFICATE.

Where plaintiff contracted to make certain alterations and additions to a building under the directions and to the satisfaction of an architect, acting as agent for the owner, who agreed to make final payment within 30 days after the contract was finished, provided the architect should certify in writing that all the work, on the performance of which payment was to become due, was done to his satisfaction, and, after the contractor had completed performance, the architect refused a final certificate, plaintiff could recover on the contract, provided he could prove substantial performance, and that the architect's certificate had been fraudulently withheld, and if the contract had not been sub-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stantially performed, but the work done was accepted by the owner, then plaintiff could recover the reasonable value thereof on quantum meruit under the common counts.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1310, 1311; Dec. Dig. § 289;* Work and Labor, Cent. Dig. § 27; Dec. Dig. § 12.*]

2. CONTRACTS (§ 353*) — BUILDING CONTRACT — PERFORMANCE — ARCHITECT'S CERTIFICATE—INSTRUCTIONS.

Where a building contract provided for payment only on an architect's certificate, which was refused, and the builder sued, alleging that the certificate had been fraudulently withheld, an instruction authorizing a recovery on the contract in case the jury found from all the evidence that the architect ought reasonably and fairly to have been satisfied with the work and approved it, and issued his final certificate, was erroneous, as substituting the judgment of the jury for that of the architect.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1840; Dec. Dig. § 353.*]

In Error to the Circuit Court of the United States for the District of New Jersey.

Action by Wilbert Beaumont against John Purdy Cope. Judgment for plaintiff, and defendant brings error. Reversed.

C. L. Cole, for plaintiff in error.

George A. Bourgeois, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHBALD, District Judge.

LANNING, Circuit Judge. On March 19, 1907, Wilbert Beaumont, contractor, and John Purdy Cope, owner of the Water Gap House, at Delaware Water Gap, Pa., entered into a written agreement, by which Beaumont agreed to make certain alterations and additions to the Water Gap House "under the direction and to the satisfaction of S. Hudson Vaughn, architect, acting as agent for the owner." The contract price for the work was $22,710. Seven partial payments, aggregating $12,500, were required to be made during the progress of the work. It was provided that the eighth and final payment of $10,210 should be made when the building was entirely completed. It was further provided:

"That the final payment shall be made within thirty days after this contract is completely finished, provided that in each of the cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to his satisfaction."

Beaumont has received from Cope the sum of $12,500.

In his declaration Beaumont, the plaintiff, avers generally in a special count the performance of all conditions precedent except certain alterations, which he declares Cope, the defendant, waived. He also avers that Vaughn, the architect, fraudulently neglected and refused to issue his final certificate. The claim under the special count is for $11,112.51. The declaration also contains the common counts in indebitatus assumpsit for $25,000; a bill of particulars being added containing an item for extra work amounting to $955.24. The pleas filed raise, under the special count, the issue as to whether the final cer-

tificate ˙was fraudulently withheld by the architect, and whether the work was substantially performed. Issue was also joined on the common counts.

From the foregoing statement it will be observed that the case has a dual aspect. Recovery might be had under the special count, provided the contract were substantially performed and the architect's certificate fraudulently withheld; on the other hand, if the contract were not substantially performed, but the work done was accepted by the defendant, Cope, then there could be a recovery on a quantum meruit ·under the common counts. Bozarth v. Dudley, 44 N. J. Law, 304, 43 Am. Rep. 373; Dermott v. Jones, 2 Wall. 1, 17 L. Ed. 762; Lumber Co. v. Sharp, 190 Pa. 256, 42 Atl. 685; Batchelor v. Kirkbride (C. C.) 26 Fed. 899; City of Elizabeth v. Fitzgerald, 114 Fed. 547, 52 C. C. A. 321; Chism v. Schipper, 51 N. J. Law, 1, 16 Atl. 316, 2 L. R. A. 544, 14 Am. St. Rep. 668; Welch v. Hubschmitt Co., 61 N. J. Law, 57, 38 Atl. 824. It is not possible, on the record before us, to tell on which of the two grounds of recovery the verdict rests. It was for the plaintiff for $10,828.01, with interest from September 2, 1907. It was not for the full amount claimed. We do not know whether the jury considered the work substantially ·performed and the certificate fraudulently withheld, or whether the verdict was rendered on the common counts on the theory that the work was accepted by the defendant. If, therefore, there was any error in the charge of the court respecting the alleged fraudulent withholding of the architect's certificate, we shall be compelled to reverse the judgment.

One of the assignments of error is that the court .erred in charging the jury as follows:

"As to the certificate, was it withheld in bad faith? Ought the architect, in the exercise of fair and reasonable judgment, to have approved the work and issued the final certificate? Was he, in fact, satisfied with it, although he professed to be dissatisfied? Does the weight of all the evidence bearing upon this question show that the certificate was rightfully withheld, or does it show that it was fraudulently withheld? That is to say, does it show that the architect acted in bad faith in withholding it? You should consider, in this connection, the acts as well as the words of the architect, and also the condition of the work, as to whether it was fully performed or not and also its character, and all other evidence tending to show whether or not the architect ought reasonably and fairly to have been satisfied with the work and approved it, and issued his final certificate."

This portion of the charge related, of course, to the claim based on the special count. The contract, as we have seen, provided that the work was to be done under the direction and to the satisfaction of the architect, and that previous to each payment he should certify in writing that the work had been done "to his satisfaction." This was the contract between the parties. We cannot alter it. ·We cannot require that the liability of the defendant Cope shall depend upon the judgment of the jury as to whether the architect ought "reasonably and fairly to have been satisfied with the work and approved it, and issued his final certificate." Some of the language above quoted from the charge is unobjectionable, but, ending as it does, with the distinct statement that the jury should consider all

the evidence "tending to show whether or not the architect ought reasonably and fairly to have been satisfied with the work and approved it, and issued his final certificate," it gave to the jury an improper direction in the discharge of their duty. The jury may have been satisfied that the architect "ought reasonably and fairly to have been satisfied with the work and approved it," and yet the architect, in the exercise of his judgment, may have differed with the jury and withheld his certificate in perfect good faith and without fraud.

In Bradner v. Roffsell, 57 N. J. Law, 412, 31 Atl. 387, the highest court of New Jersey said:

"But the verdict was for the whole of the unpaid price, and must obviously have rested upon the fraud of the architect in withholding a complete certificate. In presenting that subject to the jury, the trial court charged that, 'if not waived, it (the certificate of the architect) may be dispensed with only by proof that the certificate was withheld by fraud on the part of the architect. It would be prima facie evidence of fraud if the architect withheld his certificate without any substantial reason for so doing.' An exception was taken to the last sentence of this instruction, and an assignment of error is based thereon. In the Supreme Court this instruction was justly deemed open to objection, because the use of the word 'substantial' tended to substitute the judgment of the jury for the decision of the architect. In Chism v. Schipper, the learned Chief Justice, who delivered the opinion of the majority of the court, carefully pointed out the need of watchful judicial supervision over the determination of juries on this question, and declared that the architect's conduct could not be impeached for want of skill or knowledge, or because his judgments do not agree with those of others. To instruct a jury that they may find fraud from the withholding of such a certificate without a substantial reason is to permit them to determine what are substantial reasons, and, if in their judgment there are none, then, though the architect's judgment may be honestly otherwise, to convict him of fraud."

In Gwynne v. Hitchner & Yerkes, 66 N. J. Law, 97, 48 Atl. 571, it appears that Gwynne agreed on his part to perform his work as an employé of Hitchner and Yerkes "in a workmanlike manner and satisfactory to said Hitchner and Yerkes." Before the expiration of the stipulated term of service, Gwynne was discharged by his employers, and he thereupon sued to recover damages for the alleged breach of the contract. The trial judge charged the jury that if it found that the plaintiff did not do the work in a skillful and workmanlike manner the employers were entitled to a verdict, but if it was found that the plaintiff did his work in a workmanlike and skillful manner and to the reasonable satisfaction of the employers, not to the satisfaction that would be the result of a whim or fancy or notion, then the plaintiff was entitled to a verdict. The Supreme Court said: "In substance and effect, the trial judge left it to the jury to determine, under the evidence, whether the employers had any reasonable cause to be dissatisfied, and, if not, then the plaintiff was entitled to recover." It was held that the instructions given by the trial judge were erroneous, and the judgment was reversed.

If it were possible for us to satisfy ourselves that the verdict of the jury in the case now in hand rested upon the common counts and not on the special count, we might perhaps affirm the judgment. But we cannot do this. The fact is that no special importance seems to have been attached to the common counts in the course of the trial, and on the argument before us they were scarcely mentioned.

· It is unnecessary to refer to the other assignments of error. We are forced to the conclusion that the above-quoted instruction to the jury vitiates the verdict and the judgment entered on it. The judgment is therefore reversed and the record remanded, with direction to award a venire de novo.