T. FOSTER CALLAHAN, INCORPORATED, APPELLANT, v. COMMISSIONERS OF SEWERAGE, DISTRICT NUMBER ONE, OF THE TOWNSHIP OF UNION, IN THE COUNTY OF UNION, NEW JERSEY, RESPONDENT.

Argued February 8, 1926—Decided May 17, 1926.

1. The mere fact that the engineer disagrees with the contractor as to the quantity of material excavated, and refuses to allow the amount claimed by the contractor, will not justify the jury in finding that the engineer is guilty of fraud.
2. When parties agree to make an engineer the arbiter, the question as to the quality and quantity of the work performed and compensation due cannot be transferred to the consideration of the jury, unless there be proof of fraud, and whether there is any evidence of fraud is a question of law.

---

On appeal from the Supreme Court.

For the appellant, *John F. Ryan.*

For the respondent, *John K. English.*

The opinion of the court was delivered by

HETFIELD, J.   This was a suit in the Supreme Court, tried in the Union Circuit; the trial judge nonsuited the plaintiff, who has appealed here from the judgment thereon.

Plaintiff contracted with the defendant to construct certain sewers in the township of Union, and, among other things, the contract provided that in addition to the contract price, the plaintiff was to be paid $4 for each cubic yard of rock and $5 for each cubic yard of quicksand encountered and excavated by plaintiff in the performance of the said contract.

The plaintiff contends that there were 2530.7 more cubic yards of rock excavated and 155.3 more cubic yards of quicksand than allowed or certified to by the engineer, or paid for by the defendant, and charges the engineer with willfully, fraudulently, deliberately, arbitrarily and in bad faith refusing to certify and make proper allowances for the quantity of material actually encountered and excavated by the plaintiff.

It is apparent from the terms of the contract that both parties considered the possibilities of disputes arising between them in reference to the execution thereof; and so that the interests of neither party should be put in peril in the event of a dispute as to the quality and quantity of the materials furnished or work done, or the compensation which the plaintiff might be entitled to demand, it was expressly stipulated that the engineer's determination should be final and conclusive.   Neither party reserved the right to revise the enginer's determination for any errors or mistakes upon his part, excepting in case that the engineer and the contractor could not agree on any major matter in connection with the interpretation of the contract, in which event the contractor had a right to appeal to the consulting engineer, whose decision should be final and conclusive.

It appears that during the course of the work Mr. Potter, the consulting engineer, was called upon by the contractor and engineer to determine whether certain material encountered in excavating consituted what is known as hardpan, and if, under the terms of the contract, it should be classi-

fied as rock. Mr. Potter ruled that it was hardpan and should be paid for on that basis. There is no evidence that the engineer took exception to Mr. Potter's judgment or refused to follow it. On many occasions the engineer disagreed with the contractor, and a few times with the township inspector, as to the quantity of hardpan excavated, and the plaintiff contends by reason thereof and the mere fact that the engineer refused to allow the quantity claimed by the contractor, the jury would have been justified in finding that the engineer was guilty of fraud. We do no think so.

In *Chism* v. *Schipper*, 51 *N. J. L.* 1, the learned Chief Justice declared that the conduct of the arbiter could not be impeached for want of skill or knowledge or because his judgments do not agree with those of others.

"To instruct a jury that they may find fraud from the withholding of such a certificate without a substantial reason, is to permit them to determine what are substantial reasons, and if in their judgment there are none, then, though the architect's judgment may be honestly otherwise, to convict him of fraud." *Bradner* v. *Roffsell*, 57 *N. J. L.* 412.

In *Landstra* v. *Bunn*, 81 *N. J. L.* 680, it was held in this court: "When parties have by contract provided that certain rights shall accrue to or be withheld from them, or either of them, as between themselves, upon the making of a certificate by an architect, as a condition precedent, such certificate is conclusive, as to the facts so certified, which lie within the scope of the agreement. To doubt this proposition would be to fly in the teeth of a long line of our cases: *Byrne* v. *Sisters of St. Elizabeth*, 16 *Vr.* 213; *Chism* v. *Schipper*, 22 *Id.* 1; *Bernz* v. *Marcus Sayre Co.*, 7 *Dick. Ch. Rep.* 275 *Sheyer* v. *Pinkerton Construction Co.*, 59 *Atl. Rep.* 462; *Mackinson* v. *Conlon*, 26 *Vr.* 564; *Bradner* v. *Roffsell*, 28 *Id.* 412. To overcome this effect of the certificate there must be proof of fraud in its giving or withholding." The burden of showing fraud is on the party complaining. *Mundy* v. *Louisville and N. R. Co.*, 14 *C. C. A.* 583; 31 *U. S. App.* 606; 67 *Fed. Rep.* 633.

"Fraud is never presumed, and where a party to the transaction alleges its existence, the burden rests upon him of

proving the truth of his allegation." *Guerber Engineering Co.* v. *Stafford,* 96 *N. J. L.* 280.

The complaint also charges that the plaintiff was delayed in the performance of the contract and sustained damages by reason of the failure of the engineer to furnish grades. As there was no evidence to show that the engineer had ever been requested to make any allowance for such delay or that he had certified to that fact, which was necessary, according to the provisions of the contract, before a claim of that nature could be paid, there was nothing for the jury to consider.

The parties having agreed to make the engineer the arbiter, the question as to the quality and quantity of work performed and compensation due, could not be transferred to the consideration of the jury, unless there be proof of fraud, and whether there was any evidence of fraud is a question of law. We find no such proof in this case.

The granting of a nonsuit was proper and the judgment is affirmed.

*For affirmance*—TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.  12.

*For reversal*—None.