**PERRY et al. v. UNITED STATES, for Use of NEWELL et al.**

No. 11143.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1945.

E. L. Snow and J. A. Covington, Jr., both of Meridian, Miss., for appellants.

Robert Burns, of Jackson, Miss., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, brought by "Newell," an electrical subcontractor on a government contract, against "Perry," the general contractor, was to recover $4479.86 held back to cover outside electrical work, that is, poles, connecting wires, etc. which Newell claimed was not, and Perry claimed was, included in Newell's subcontract. Tried to the court without a jury, there were findings and a judgment in favor of Newell, the subcontractor, and Perry has appealed.

The facts are simple. They came in without dispute. Perry agreed to furnish the material and equipment for, and perform the labor to construct and complete, motor repair shops for Fourth Echelon repairs, "including the utilities thereto" at

Camp Shelby, Miss. Intending to sublet all of the electrical work which the contract required him to do, Perry obtained from Newell, an inside electrical contractor, bids for electrical work for all the buildings covered by the five general contracts, and on the basis of a letter beginning, "We hereby confirm prices on buildings," Perry and Newell entered into a subcontract[1] for the work Newell had bid on. When Perry made his bid on the general contract and Newell on the subcontract, none of the drawings and specifications on which the bids were taken showed that there was any outside electrical work to be done. Neither Perry's nor Newell's attention was called to outside electrical work, and neither knew that any was included in Perry's contract. Newell, therefore, took no outside electrical work, that is poles, connection wires, etc. connecting the buildings to the public utilities, into consideration in his bidding, but he did consider, estimate the cost of, and include in his bid, all the inside electrical work for the buildings referred to in his subcontract. Perry, on his contract, and Newell, on his subcontract, went to work immediately after the contracts were signed, and both had been at work some days before the Constructing Quartermaster called on Perry to do the outside electrical construction in dispute here. Not contesting the Quartermaster's interpretation of his contract, and acceding to the demand that he do the outside work as part of·it, Perry called upon Newell to do, the work as part of his subcontract. Upon Newell's refusal to do it, stating that he was an inside electrical contractor and that he had not figured on, or contracted for, any outside work, Perry procured one Irby to do it. There being no drawings or specifications covering the work, an outside engineer was called in to prepare them, and the work was done by Irby under these drawings. Perry paid $4479.86 for doing the work and deducted that amount from the amount due Newell under his contract.

The district judge, in finding for Newell, found both that the outside electrical work was not included in Perry's contract and that if it was, Newell had not agreed to do it but had expressly limited his bid and contract to electrical work in the buildings. Perry is here contesting both of these findings as erroneous on the ground that as to him the contract made the finding of the Constructing Quartermaster, that his contract did include this work, conclusive on him, and that the subcontract, by making the provisions of the main contract a part of it, bound Newell to the same extent that Perry was bound. Appellant concedes that neither he nor Newell understood that his contract covered outside wiring, and that unless it did in fact cover it, Perry could not by acceding to the Quartermaster's unwarranted demand impose the obligation for it on Newell. He insists, though, citing many authorities,[2] that the words "including the utilities thereto" made the outside wiring a part of the contract or at least furnished a basis for the determination by the Constructing Quartermaster, under GC 15 of the General Conditions,[3] that it was, and in turn obligated Newell as the electrical subcontractor to do it. Appellee, on its

---

[1] This contract, among other things, provides, "Newell Elec. Co. agrees to furnish all labor, materials, fixtures, equipment, etc. necessary to completely install all electrical work and materials for the following buildings to be erected at Camp Shelby, Miss., by the Perry Construction Co. under the supervision of the Constructing Quartermaster". Then follows: a list of the buildings where the installations are to be made. Other provisions, not necessary to be set out are these: "All the general and special conditions of the plans and specifications, including instructions to bidders, etc., where applicable to the above mentioned work, are hereby incorporated and made a part of this contract. Newell Elec. Co. is bound under all the provisions including time limits, etc." and "This contract shall become valid after it is approved by the Constructing Quartermaster. * * *"

[2] 54 A.L.R. 1255; 9 Am.Jur. 23; Kihlberg v. United States, 97 U.S. 398, 24 L. Ed. 1106; McCullough v. Clinch-Mitchell Const. Co., 8 Cir., 71 F.2d 17; Daniels v. Franklin, Tex.Civ.App., 233 S.W. 380; T. Foster Callahan v. Commissioners, 102 N.J.Law 705, 133 A. 408; Guarantee Title & Trust Co. v. Willis, 38 Ariz. 33, 297 P. 445.

[3] "Interpretation of Contract: * * * the contractor shall furnish all material, labor, etc. necessary to complete the work according to the true intent and meaning of the drawings and specifications, of which intent and meaning the Constructing Quartermaster shall be the interpretor."

part, while insisting that the Quartermaster's interpretation of the contract as including outside electrical work is not supported by anything in it, points, in support of the judgment, to his own contract as expressly limiting the work to be done by him to the wiring inside the buildings referred to in it.

 We find it unnecessary to determine whether his contract bound Perry, for we agree with appellee that the provisions of the subcontract taken in themselves and especially in the light of the circumstances under which it was entered into and executed, leave in no doubt that its obligations extended only to inside wiring, and the district judge was right in holding that Perry had no right to withhold from Newell the sums sued for. In Hill & Combs v. First National Bank of San Angelo, 5 Cir., 139 F.2d 740, a case involving a controversy between the contractor and a subcontractor on a government contract, we have had recent occasion to examine the state of the law in situations of this kind. We reaffirm here what we there decided, that while a reference in a subcontract to the provisions, plans and specifications of a general contract imports them into the subcontract where not inconsistent with its terms, it is quite well settled that such a reference is not effective beyond this, and that if the subcontract contains words of definite limitation, they will be given effect and the reference limited accordingly. Here, as there, while there was a reference to the general plans and specifications, there was a specific agreement as to the work the subcontractor would do, and the reference to the plans and specifications was effective only to the extent that it did not conflict with what was specifically agreed upon. There we found a sufficient ambiguity to admit of explanatory evidence, and that the evidence offered to resolve the ambiguity was sufficient to support the verdict. Here we think it clear, that there was no ambiguity, that the subcontract on its face clearly limited Newell's obligation to inside work. But if we should be mistaken in that conclusion, the judgment must still be affirmed for here, as it was there, such ambiguity as is created by the conflict, if any, between the agreement of the subcontract and the reference in it to the general plans and specifications has been on ample evidence resolved in plaintiff's favor.

The judgment was right. It is affirmed.