JESSE A. HOWLAND, APPELLANT, v. THE CITY OF ASBURY PARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued October 28, 1931—Decided May 16, 1932.

For the appellant, *Quinn, Parsons & Doremus* (*Theodore D. Parsons,* of counsel).

For the respondent, *Durand, Ivins & Carton* (*James D. Carton,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment of nonsuit entered in the New Jersey Supreme Court directed by Judge Lawrence, to whom it was referred for trial. The case had been tried before Judge Lawrence and a jury in 1929 which resulted in a verdict in favor of the plaintiff of $52,092. A rule to show cause why a new trial should not be granted was allowed and the Supreme Court discharged the rule as to

the judgment on the first count of the complaint of $22,092 and made the rule absolute as to that part of the judgment entered on the fourth count for $30,000. Thereupon the case was again referred to Judge Lawrence, Circuit Court judge, for trial and was tried before him and a jury on April 24th, 1931.

The facts in the case are as follows: Plaintiff, Howland, entered into a contract with the city of Asbury Park in September, 1922, thereby agreeing to erect a breakwater-jetty on the beach front of Asbury Park extending about eight hundred feet diagonally into the ocean for which the city agreed to pay him $100,000. The method of payment was proposed by the plaintiff and agreed to by the city. It provided that payment should be made on a one hundred-foot unit basis and that after each one hundred feet of structure was built the city would pay sixty per cent. of the unit price thereof and would pay the balance of forty per cent. when the whole was completed and the beach along the same had filled up with sand eighteen inches above mean high water mark. The city paid plaintiff the sixty per cent. of the contract price of each unit as completed but did not pay the retained percentage of forty per cent. on several of these units, claiming that the plaintiff had not complied with his contract in respect to these. In regard to these payments which were found to be due by the jury, the Supreme Court discharged the rule to show cause. The balance of the judgment which was set aside by the Supreme Court and which amounted to $30,000 damages was based on the fourth count of the complaint. Under this count plaintiff contended that prior to the entering into of said contract the city, through its officials, submitted certain specifications on which the plaintiff was invited to bid, which specifications included soundings and other matters to be considered by the plaintiff in making such bid and that the plaintiff relied on the specifications and representations made, and that when plaintiff entered upon said work he encountered conditions and obstacles more difficult than the conditions set forth in the specifications and, therefore, was compelled to spend a larger amount of money

for the doing of said work than he had estimated. It was on this count of the complaint and the denial thereof by the defendant that the case was tried the second time before the trial judge and a jury. At the second trial counsel for both sides agreed that the record of the former trial with reference to the fourth count of the complaint so far as it related thereto, should be considered the testimony taken at the second trial. After this was agreed to, plantiff rested his case and defendant moved for a direction of a verdict which the trial judge granted and from that ruling of the court and the judgment entered thereon, the plaintiff appeals here. The argument of counsel for appellant is that a false representation was made in the specifications with relation to the depth of the ocean in the place where the jetty was to be located. An examination of the specifications attached to the contract shows that the soundings mentioned therein had been obtained in 1922 and the evidence disclosed that these soundings had been made several years earlier and at the time of the making of the contract the bed of the ocean was much deeper than those specified therein. Appellant says that by reason of this erroneous statement in the specifications he was required to expend a much larger amount than he estimated, in constructing the jetty, and that therefore he is entitled to be reimbursed by the city for the additional amount so expended by him.

The twenty-sixth section of the specifications annexed to the contract provided that: "The total amount of material to be used will depend upon conditions which the contractor must determine to his own satisfaction and actual examination of the site of the proposed work, either by soundings or other measurements, and reference to the plans covering the proposed structure." The contract further provided that: "If the contractor considers any work required of him to be outside the requirements of the contract * * * he shall ask for written instructions or decision immediately and then file a written protest with the engineer against the same within five days thereafter." Paragraph 23 of said specifications further provided that: "Typical sections and eleva-

tions of the proposed structures and soundings are given on the plans. These soundings were obtained in June, 1922, but the possibility of scour or other changes in the bottom when work is begun must be contemplated by the contractor." "*Exhibit P-2*," which was certain of the detailed plans upon which the bid was based contained the following statement: "The depth of the water is based upon geological survey of New Jersey, edition of 1903. Soundings for this work were not otherwise available; * * *." The specifications further provided, to the effect that the amount of material to be used would depend upon the conditions which the contractor must determine for himself by making soundings or other measurements. It was further provided by the contract that: "No charge which will materially effect the cost of doing the work will be made and no greater or lesser unit price than the contract rate will be paid except upon formal written agreement between the parties." In the fourteenth section of the contract and specifications it was provided: "The contractor shall not be allowed to take advantage of any error or omission from the plans or specifications or seeming conflict between the plans and specifications."

Appellant claims that under the case of *United States* v. *Atlantic Dredging Co.*, 253 *U. S.* 1, that the city would be bound by the statements made in the specifications as to the soundings therein referred to, wherein the United States Supreme Court stated: "There was not only a clear declaration of the belief of the government that its representation was true, but the foundation of it was asserted to be the test of actual borings." The case in question is quite different and there is nothing in this case which shows that the tests had been made by the municipality. On the other hand it states that the depth of the water is based upon the geological survey of New Jersey made in 1903. Further than this there is no evidence in this case which discloses whether or not there was a change in the depth of the water or the contour of the bottom of the ocean between the time of the drafting of the specifications and the time when the work was done, which covered a period of several months. In addition

to this no claim was made or presented until about six years after the work was finished. The proofs in the case disclose that the contractor never made a claim to the municipality for an additional amount of materials used, as provided in the contract, and never entered into any written agreement with the mnuicipality for a greater unit price. On the contrary he completed his work and accepted the payments which were made from time to time without question.

We are, therefore, of the opinion that in view of the provisions of the contract above referred to, the trial court properly directed a verdict of no cause of action for the defendant and that the plaintiff was barred from recovering any additional compensation from the city under the evidence in this case. The judgment under review is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.