[S. F. No. 20919. In Bank. Apr. 4, 1962.]

SOUZA & McCUE CONSTRUCTION CO., INC., Petitioner,
v. THE SUPERIOR COURT OF SAN BENITO
COUNTY, Respondent; CITY OF SALINAS, Real Party
in Interest.

Steel & Arostegui and Robert W. Steel for Petitioner.

No appearance for Respondent.

Russell Scott, City Attorney, and J. T. Harrington for Real Party in Interest.

GIBSON, C. J.—The City of Salinas brought an action against Souza & McCue Construction Co., Inc., seeking damages for the alleged breach of a contract made in June 1958, as modified in September 1958, for the construction of a storm sewer. Souza filed an answer denying the breach and a pleading denominated a "cross-complaint" setting forth two causes of action; the first cause of action is for the recovery of the balance allegedly due under the June 1958 contract as modified, and the second is a common count for goods and services assertedly furnished by Souza at Salinas' request. After Salinas filed an answer to the cross-complaint, Souza moved for leave to file an amended answer and cross-complaint. The motion was denied, and Souza seeks a writ of mandate to direct the trial court to permit the filing of the amended pleading.

The proposed amended pleading incorporates by reference the allegations of the original answer and cross-complaint and adds a third and a fourth cause of action.

The allegations of the third cause of action may be summarized as follows: Salinas knew prior to entering into the June 1958 contract that the soil at the construction site was unstable and failed to inform Souza of the adverse soil conditions and represented in its plans and specifications that the soil at the site was stable with the intent of inducing Souza to make a lower bid than it would make on the basis of the actual soil conditions. Souza relied on the misrepresentation in making a low bid, and as a result of the unstable soil conditions the cost to Souza of doing the work was much greater than it otherwise would have been. Souza first discovered on July 7, 1961, that Salinas knew of the unstable soil conditions prior to entering into the contract.

The fourth cause of action incorporates the allegations of the third and avers that Salinas, with knowledge of the adverse soil conditions but without intending to mislead Souza in the preparation of its bid, actually did so by failing to inform it of those conditions.

It is alleged, as to all causes of action, that on September 27, 1961, Souza presented a claim for damages which Salinas declined to pay.

Souza's motion for leave to file the amended pleading was denied by the trial court on the ground, urged by Salinas, that this ruling was compelled by legislation enacted in 1961 (Stats. 1961, ch. 1404) which dealt with the subject of our decision in *Muskopf* v. *Corning Hospital Dist*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457].[1] For the reasons hereafter given we are of the view that Souza's right of action is in no way dependent upon *Muskopf* v. *Corning Hospital Dist.*, nor is it in any way affected by the 1961 legislation relating to governmental immunity.

When the state makes a contract with an individual it is liable for a breach of its agreement in like manner as an individual, and the doctrine of governmental immunity does not apply. (*Chapman* v. *State,* 104 Cal. 690, 694-696 [38 P. 457, 43 Am.St.Rep. 158]; *Carmichael* v. *Riley,* 56 Cal.App. 409, 412-413 [205 P. 478]; see *California Highway Com.* v. *Riley,* 192 Cal. 97, 106-107 [218 P. 579]; *Union Trust Co.* v. *State of California,* 154 Cal. 716, 728 [99 P. 183, 24 L.R.A. N.S. 1111].)

A contractor of public works who, acting reasonably, is misled by incorrect plans and specifications issued by the public authorities as the basis for bids and who, as a result, submits a bid which is lower than he would have otherwise made may recover in a contract action for extra work or expenses necessitated by the conditions being other than as represented. (E.g., *United States* v. *Spearin,* 248 U.S. 132, 136-137 [39 S.Ct. 59, 63 L.Ed. 166]; *Christie* v. *United States,* 237 U.S. 234, 239-242 [35 S.Ct. 565, 59 L.Ed. 933]; *McCree & Co.* v. *State,* 253 Minn. 295 [91 N.W.2d 713, 721-722]; see *Gogo* v. *Los Angeles etc. Flood Control Dist.,* 45 Cal.App.2d 334, 341 [114 P.2d 65]; 43 Am.Jur. 852; Annotation 76 A.L.R. 268.) This rule is mainly based on the theory that the furnishing of misleading plans and specifications by

---

[1] We held in *Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], that the doctrine of governmental immunity could no longer be used to shield an entity of government from liability for torts for which its agents were liable. In *Corning Hospital Dist.* v. *Superior Court, ante,* p. 488 [20 Cal.Rptr. 621, 370 P.2d 325], decided this day, we hold that the 1961 legislation (Stats. 1961, ch. 1404) relating to the subject of our decision in *Muskopf* v. *Corning Hospital Dist.* merely suspended for a limited time and did not destroy causes of action arising prior to February 27, 1961, the date our decision in *Muskopf* v. *Corning Hospital Dist.* became final.

the public body constitutes a breach of an implied warranty of their correctness. The fact that a breach is fraudulent does not make the rule inapplicable. (*Jackson* v. *State,* 210 App. Div. 115 [205 N.Y.S. 658, 664] (affd. 241 N.Y. 563 [150 N.E. 556]); *cf. Chapman* v. *State, supra,* 104 Cal. at p. 695; *Hersey Gravel Co.* v. *State Highway Dept.,* 305 Mich. 333 [9 N.W.2d 567, 569, 173 A.L.R. 302].) Souza's proposed pleading states causes of action in contract on the basis of the alleged fraudulent breach by Salinas.

The filing on September 27, 1961, of Souza's claim with respect to the proposed causes of action was timely if Souza, as alleged, did not discover Salinas' fraud until July 7, 1961. At the time of the discovery the controlling statutory provisions were sections 700 et seq. of the Government Code which became effective as to contract actions against chartered cities on November 8, 1960. (Const., art. XI, § 10.) Section 710 of the Government Code requires the filing of a written claim before the bringing of a suit for money or damages against a local public body, and section 715 of the code provides, with certain exceptions not applicable here, that the claim shall be presented not later than one year after the accrual of the cause of action. The last paragraph of section 715 reads: "For the purpose of computing the time limit prescribed by this section, the date of accrual of a cause of action to which a claim relates is the date upon which the cause of action accrued within the meaning of the applicable statute of limitations."

For purposes of the statute of limitations, an action for relief on the ground of fraud is not deemed to accrue until discovery of the fraud. (Code Civ. Proc., § 338, subd. 4.) The action alleged in the proposed pleading, which is based on a fraudulent breach of a contractual duty, comes under this provision.

In *Gregory* v. *Spieker,* 110 Cal. 150, 153 [42 P. 576, 52 Am.St.Rep. 70], an action for the fraudulent breach of an agreement not to compete, it was held "that fraud was so ingrained with the breach of contract by defendant that the action, as regards the bar of the statute, at least, must be treated as one for relief on the ground of fraud."

In *Acme Paper Co.* v. *Goffstein,* 125 Cal.App.2d 175, 178-179 [270 P.2d 505], it was held that section 338, subdivision 4, *supra,* was applicable to an action against an employee for the fraudulent taking of property from his employer, although the action was in the form of a common count and the

tort measure of damages was inapplicable because plaintiff by levying an attachment had elected to proceed in contract. (See also *People* v. *Union Oil Co.*, 48 Cal.2d 476, 482-483 [310 P.2d 409]; *MacDonald* v. *Reich & Lievre, Inc.*, 100 Cal. App. 736, 741-742 [281 P. 106]; 1 Witkin, California Procedure, p. 649.)

Let a peremptory writ of mandamus issue directing the superior court to allow the filing of the amendment to "Answer and Cross-Complaint" proposed in Souza's notice of motion filed with respondent court on October 19, 1961.

Schauer, J., McComb, J., Peters, J., White, J., Dooling, J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.