[S. F. No. 22412.   In Bank.   Feb. 10, 1967.]

E. H. MORRILL COMPANY, Plaintiff and Appellant, v. STATE OF CALIFORNIA, Defendant and Respondent.

788

Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges as Amici Curiae on behalf of Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Clayton P. Roche, Deputy Attorney General, for Defendant and Respondent.

PEEK, J.*—Plaintiff E. H. Morrill Company, as general contractor for the construction of a facility for the State of California, appeals from a judgment of dismissal after the trial court sustained, without leave to amend, the state's demurrer to a complaint for damages for the costs of performing additional subsurface rock excavation pursuant to the contract. The damages are alleged to have resulted from the state's misrepresentation or warranty as to subsurface conditions the contractor would encounter in excavating for the facility.

The complaint alleged that plaintiff and the Department of Public Works contracted in 1962 for the construction of the Mono-Inyo Conservation Facility in accordance with plans, specifications and special conditions attached to the written contract. Special Condition 1A-12 provided: "SPECIAL SITE CONDITIONS. The site is situated on a terminal moraine. The soil is composed of granite boulders, cobbles, pebbles, and granite sand. *Boulders* which may be encountered in the site grading and other excavation work on the site *vary in size*

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

*from one foot to four feet in diameter. The dispersion of boulders varies from approximately six feet to twelve feet in all directions, including the vertical.''* (Italics added.)

The complaint alleged further that the Special Condition was false in that it misrepresented the true character of the site, and that the boulders found were substantially larger and more concentrated than represented. It is further alleged that the state knew or should have known that the representation was false, because of the state's superior knowledge of the site. Although plaintiff admits to inspecting the site, it alleges that it was unable to discover facts to contradict the representations, and that it relied upon those representations in submitting the bid that became the basis for the contract. Damages are alleged in the amount of $28,750, proximately caused by the misrepresentation of site conditions. A second cause of action alleged the same facts on a theory of implied warranty. A third cause of action, on a common count, derives its validity or lack thereof from the propriety of either of the first two causes of action.

The trial court sustained the demurrer and entered its judgment after taking judicial notice of section 4 of the General Conditions of the contract between the parties. It held, pursuant to that section, that the state as a matter of law could not be deemed to have warranted the condition of the job site by its representations in section 1A-12 of the Special Conditions. Section 4 of the General Conditions read, in pertinent part: ''Examination of Plans, Specifications and Site of Work: The bidder shall examine carefully the site of the work and the plans and specifications therefor, and shall satisfy himself as to the character, quality, and quantity of surface and subsurface materials or obstacles to be encountered. He shall receive no additional compensation for any obstacles or difficulties due to surface or subsurface conditions actually encountered.

''If discrepancies . . . are found in the plans and specifications prior to the date of bid opening, bidders shall submit a written request for a clarification. . . .

''Where investigations of subsurface conditions have been made by the State in respect to foundation or other structural design, and that information is shown in the plans, said information represents only the statement by the State as to the character of material which has been actually encountered by it in its investigation, and is only included for the convenience of bidders.

"Investigations of subsurface conditions are made for the purpose of design, and the State assumes no responsibility whatever in respect to the sufficiency or accuracy of borings or of the log of test borings or other preliminary investigations, or of the interpretation thereof, and there is no guaranty, either expressed or implied, that the conditions indicated are representative of those existing throughout the work. . . . Making such information available to bidders is not to be construed in any way as a waiver of the provisions of the first paragraph of this article and bidders must satisfy themselves through their own investigations as to conditions to be encountered. . . ."

■■ We have concluded that the trial court erred in construing section 4 to be as a matter of law an effective disclaimer of the representation of site conditions in section 1A-12 of the Special Conditions, and that the complaint states a cause of action for recovery on a theory of breach of implied warranty, and may be amended to state a cause of action for fraudulent misrepresentation. (See *Souza & McCue Constr. Co.* v. *Superior Court* (1962) 57 Cal.2d 508, 510 [20 Cal.Rptr. 634, 370 P.2d 338], and cases cited.)

In *Wunderlich* v. *State of California, ante,* page 777 [56 Cal.Rptr. 473, 423 P.2d 545], filed this date, it is suggested that the state is not liable for conclusions drawn by a bidder when the state has done little more than represent the results of its investigations and the bidder knew or should have known of the factual bases for the representations. In *Wunderlich* there was no positive assertion of fact as to condition; in addition, the very section in which the statement was made was prefaced by a reference to disclaimer provisions that clearly sought to avoid the state's responsibility for the factual conclusion which the contractor chose to deduce from the statement. Nor was there a failure on the part of the state to disclose material facts discovered by it. ■■ The facts alleged in the instant case, however, place it within the rule declared in *Souza & McCue Constr. Co.* v. *Superior Court, supra,* 57 Cal.2d 508, 510, that "A contractor of public works who, acting reasonably, is misled by incorrect plans and specifications issued by the public authorities as the basis for bids and who, as a result, submits a bid which is lower than he would have otherwise made may recover in a contract action for extra work or expenses necessitated by the conditions being other than as represented."

The state contends that because section 4 of the General

Conditions refers to the fact that "investigations . . . are made for the purpose of design," the specifications were not presented as "the basis for bids" and that therefore plaintiff does not come within the *Souza* rule. The language of *Souza* may not be read so narrowly, and any implications to the contrary in *A. Teichert & Son, Inc.* v. *State of California* (1965) 238 Cal.App.2d 736 [48 Cal.Rptr. 225], are disapproved. ▮ It is obvious that the entire set of plans and specifications, of which section 4 of the General Conditions was only a small part, was presented by the state to the bidders with the expectation that bids of necessity would be determined by consideration of such plans. Section 1A-12 did not purport merely to present the results of the state's own tests and investigations, as in *Wunderlich,* but flatly asserts that the bidders could expect to confront only specified site conditions. It is clearly a " 'positive and material representation as to a condition presumably within the knowledge of the government,' . . ." (*Hollerbach* v. *United States* (1914) 233 U.S. 165, 169 [58 L.Ed. 898, 34 S.Ct. 553].)

It appears from the opinion in *Wunderlich* that disclamatory provisions may be considered in determining whether the statement alleged to constitute a warranty of condition is so in fact, especially when the statement is not cast in the form of a positive assertion of fact. (See also *MacArthur Bros. Co.* v. *United States* (1922) 258 U.S. 6 [66 L.Ed. 433, 42 S.Ct. 225].) In the instant case, however, nothing in section 1A-12 of the Special Conditions, which purports to make a positive assertion of fact as distinguished from *Wunderlich,* in any way draws the attention of the bidder to the purported disclaimer of section 4 of the General Conditions. Although, of course, the contract must be read as a whole, the absence of any cross-reference may be of significance in a determination by the finder of fact whether section 4 would justify the bidder in relying upon the unqualified representation of specified site conditions. It "would be going quite too far to interpret the general language of the other [sections of the contract] as requiring independent investigation of *facts which the specifications furnished by the government* as a basis of the contract *left in no doubt.* . . . In *its positive assertion of the nature of this much of the work* [*the government*] *made a representation upon which the claimants had a right to rely* without an investigation to prove its falsity." (Italics added.) (*Hollerbach* v. *United States, supra,* 233 U.S. 165, 172.)

▮ The responsibility of a governmental agency for posi-

tive representations it is deemed to have made through defective plans and specifications ''is not overcome by the general clauses requiring the contractor, to examine the site, to check up the plans, and to assume responsibility for the work. . . .'' (*United States* v. *Spearin*, 248 U.S. 132, 137 [63 L.Ed. 166, 39 S.Ct. 59].) Accordingly, the language in section 4 requiring the bidder to ''satisfy himself as to the character . . . of surface and subsurface materials or obstacles to be encountered'' cannot be relied upon to overcome those representations as to materials and obstacles which the state positively affirms in section 1A-12 not to exist, and plaintiff was entitled to rely and act thereon.

The state's reliance on *T. Kelly & Sons, Inc.* v. *City of Los Angeles* (1935) 6 Cal.App.2d 539 [45 P.2d 223], is misplaced. That case does not stand for the proposition that California does not accept the rules declared by the United States Supreme Court in *Hollerbach*. The court in *T. Kelly & Sons* distinguished *Hollerbach* on the ground that in the California case there was no positive assertion of fact upon which liability could be based. *T. Kelly & Sons* supports the position taken in *Wunderlich* but does not hold that a specific statement of fact may be disclaimed in another section of a contract.

Since the purported disclaimer in section 4 cannot be viewed as a matter of law to negate the express statement of fact in section 1A-12, the pleadings state a cause of action for breach of implied warranty and plaintiff may also amend the complaint to allege facts sufficient to constitute a cause of action for fraudulent misrepresentation based on the contract.

█ In this latter connection the state asserts that in any event the cause of action for fraudulent misrepresentation will not lie, because it arose during the period between our decision in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal. 2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], and the 1963 Tort Claims Act (Gov. Code, §§ 810-996.6) which placed a moratorium on the filing of such an action during a period claimed to retroactively reach the instant action. But even if we assume that the state is correct, plaintiff's asserted cause of action for misrepresentation would not be barred.

Government Code, section 818.8 reads: ''A public entity is not liable for an injury caused by misrepresentation by an employee . . . whether or not such misrepresentation be negligent or intentional.'' Section 814 of the code provides, however, that nothing in the Tort Claims Act ''affects liability based on contract. . . .'' In *Souza & McCue Constr. Co.* v.

*Superior Court, supra,* 57 Cal.2d 508, plaintiff alleged as the basis for one cause of action that the public entity knew of unstable soil conditions and that the entity intended to induce a lower bid by the misrepresentation. Another cause of action was based on the same allegations, but did not assert that the entity intended to mislead bidders. The public entity asserted that the 1961 "moratorium" legislation, since repealed, barred the complaint. ■ In holding that it did not, this court stated: "[W]e are of the view that Souza's right of action is in no way dependent upon *Muskopf* . . . nor is it in any way affected by the 1961 legislation relating to governmental immunity. When the state makes a contract . . . it is liable for a *breach of its agreement . . . and the doctrine of governmental immunity does not apply.* [Citations.] . . . *The fact that a breach is fraudulent does not make the rule* [allowing recovery for extra work caused by a misrepresentation] inapplicable. [Citations.] Souza's proposed pleading states *causes of action in contract on the basis of the alleged fraudulent breach* by Salinas." (Italics added.) (57 Cal.2d at pp. 510-511.)

■ Plaintiff may thus amend its complaint to allege that the state intended to induce reliance on its misrepresentation of conditions, if it is so inclined. (See *Gagne* v. *Bertran* (1954) 43 Cal.2d 481, 487-488 [275 P.2d 15].) The contention by the state that an allegation of justifiable reliance on such representations is precluded as a matter of law because of section 4 of the General Conditions is, for the reasons expressed above, untenable.

■ There is no merit in plaintiff's further contention that the trial court improperly took judicial notice of section 4 of the General Conditions of the contract, which plaintiff had failed to include in its pleadings. Section 1875 of the Code of Civil Procedure provides: "Courts take judicial notice of the following: . . . 3. Public and private official acts of the legislative, executive and judicial departments of this State and of the United States. . . ." It has been held proper for the trial and appellate courts to take judicial notice of the official records of a state agency (see *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 85-87 [31 Cal. Rptr. 524]) and, specifically, that "The trial court was bound to notice judicially the provisions of the contract [between defendant and the United States government] and in considering the complaint to read the pleading as if the contract were set out in full therein." (*Mendez* v. *Pacific Gas & Elec.*

*Co.* (1953) 115 Cal.App.2d 192, 195 [251 P.2d 773]; see also *Livermore* v. *Beal* (1937) 18 Cal.App.2d 535, 538-542 [64 P.2d 987].)　■　In determining the sufficiency of the complaint those matters properly judicially noticed may be considered. (See e.g., *Contractor's etc. Assn.* v. *California Comp. Ins. Co.* (1957) 48 Cal.2d 71 [307 P.2d 626].)

The judgment is reversed, and the cause remanded for proceedings not inconsistent with the views herein expressed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Taylor in the opinion prepared by him for the Court of Appeal in *E. H. Morrill Co.* v. *State* (Cal.App.) 51 Cal.Rptr. 205.