[Civ. No. 11948.   Third Dist.   Aug. 20, 1969.]

JAMES B. CLACK. Plaintiff and Appellant, v. THE STATE OF CALIFORNIA ex rel. DEPARTMENT. OF PUBLIC WORKS, Defendant and Respondent; COUNTY OF BUTTE, Intervener and Respondent.

---

744

Dinkelspiel & Dinkelspiel, John F. Taylor and Gary J. Shapiro for Plaintiff and Appellant.

Harry S. Fenton, Benjamin Hagan, Jr., John D. Reynen, Kingsley T. Hoegstedt and Orrin T. Finch for Defendant and Respondent.

George P. Kading, County Counsel, for Intervener and Respondent.

FRIEDMAN, Acting P. J.—This is a breach of contract action against the state growing out of disputes over performance of a highway construction project. Plaintiff sues both as a subcontractor and as assignee of the general contractor. The trial court denied plaintiff's motion for leave to amend his complaint and granted the state's motion for judgment on the pleadings. Plaintiff appeals from the ensuing judgment.

The complaint seeks damages for alleged breach of an implied warranty of correctness of the plans and specifications, for misrepresentation of project conditions and for unjustified change orders. The complaint alleges that plaintiff gave notice of his claim as required by the state ''and said claim was denied by defendant [state] in its entirety.''

The state's motion for judgment on the pleadings was aimed primarily at the last quoted allegation. In support of its motion the state relied upon section 9(f) of the Standard Specifications of the State Division of Highways, a part of the contract. Section 9(f) provides for the administrative settlement of disputed contract items by the state highway engineer, whose determination shall be ''conclusive and binding . . . except in the case of gross error.'' The state pointed out that the complaint failed to allege facts constituting gross error.

Plaintiff then countered with notice of a motion for leave to amend his complaint by adding the following allegation: ''The denial of said claim by defendant's State Highway Engineer was the result of gross error insofar as said claim related to plaintiff's performance of the contract, the amount of work done thereunder, and plaintiff's just compensation therefor, in that said denial was arbitrary and contrary to the weight of the evidence.''

The trial court entered a written order granting the state's motion and denying plaintiff's, for the reason that the com-

plaint and the proposed amendment failed to plead "gross error" in the sense of fraud, constructive fraud or bad faith. Plaintiff had conceded that it could not prove fraud or bad faith on the part of the State Highway Engineer.

Although plaintiff had not pleaded section 9(f) of the state's general specifications, it is deemed a judicially noticed part of the pleadings. (*E. H. Morrill Co.* v. *State of California* (1967) 65 Cal.2d 787, 794-795 [56 Cal.Rptr. 479, 423 P.2d 551]; *A. Teichert & Son, Inc.* v. *State of California* (1965) 238 Cal.App.2d 736, 742 [48 Cal.Rptr. 225].)

This court considered this precise provision of the state's highway contracts in *A. Teichert & Son, Inc.* v. *State of California, supra.*[1] We held that section 9(f) establishes a nonjudicial remedy for the settlement of disputed contract claims; that this remedy must be pursued to completion before recourse to the courts; that the provision has an impact on the scope of judicial inquiry. (238 Cal.App.2d at pp. 744-747, 753.) Although eschewing any attempt at a comprehensive delineation of the gross error concept, we called attention to decisions equating it with fraud, constructive fraud, bad faith or failure to exercise honest judgment, as well as decisions rejecting the administrative determination when it was arbitrary. (238 Cal.App.2d at pp. 754-757.)

A similar provision in nonhighway construction contracts of the state was construed in *Macomber* v. *State* (1967) 250 Cal.App.2d 391 [58 Cal.Rptr. 393]. There the court referred to Teichert and other cases equating gross error with fraud or bad faith, then stated (250 Cal.App.2d at p. 397) : "Fraud in this connection has a broader connotation than is ordinarily implied. In addition to its ordinary significance, in construction contracts it includes arbitrary action and gross mistake (13 Am.Jur.2d, Building and Construction Contracts, § 34; Restatement of the Law, Contracts, § 303, subd. (f).)"

■ The boundaries of the phrase "gross error" fix the degree of finality accorded the enginer's administrative decision and correlatively establish the scope of judicial review. To require dishonesty or bad faith as indispensable elements

---

[1] In *E. H. Morrill Co.* v. *State of California, supra,* 65 Cal.2d at page 792, the Supreme Court disapproved "any implications" in the *Teichert* decision which narrowed the effect of language in the state's contract disclaiming responsibility for physical data compiled for the information of bidders. We find no such "implications" in *Teichert.* Nevertheless, the Supreme Court's disapproval had no connection with those phases of the *Teichert* opinion which are pertinent here.

stamps the decision with more finality and constricts judicial review more narrowly than the phrase permits. Both *Teichert* and *Macomber* include arbitrariness within the connotation of gross error.

The engineer's decision may entail interpretation of the contract language or specifications; application of a rule of law, or of a contract interpretation, to agreed facts; or a resolution of disputed facts. Whatever his honesty, any of these decisions may be so groundless that no impartial, *reasoning* arbiter would agree with it. An action is arbitrary when it is based on no more than the will or desire of the decision-maker and not supported by a fair or substantial reason (*Bedford Inv. Co.* v. *Folb* (1947) 79 Cal.App.2d 363, 366 [180 P.2d 361]; *State* ex rel. *Cosmopolis Consol. School Dist.* v. *Bruno* (1963) 61 Wn.2d 461 [378 P.2d 691, 696]; see Jaffe, *Judicial Review*: *Question of Fact,* 69 Harv.L.Rev. 1020, 1021 (1956)). In the context of fact-finding, arbitrariness characterizes the decision when it lacks substantial support in the evidence. (*McDonough* v. *Goodcell* (1939) 13 Cal.2d 741, 749 [91 P.2d 1035, 123 A.L.R. 1205]; *Riley* v. *Chambers* (1919) 181 Cal. 589, 595 [185 P. 855, 8 A.L.R. 418]; *Hollon* v. *Pierce* (1967) 257 Cal.App.2d 468, 478 [64 Cal.Rptr. 808].) Fraud or bad faith, as morally reprehensible qualities, are not necessary attributes of arbitrariness, hence are not indispensable ingredients of gross error.

*United States* v. *Wunderlich* (1951) 342 U.S. 98, 99 [96 L.Ed. 113, 115, 72 S.Ct. 154], involved a federal public works contract which gave finality to the engineer's decision without any express exceptions for fraud or gross error. The court read into the contract an exception for fraud in the sense of an intention to cheat, but refused to reexamine the engineer's decision for arbitrariness. A few years later Congress supplanted the Supreme Court's decision by adoption of the Wunderlich Act (68 Stat. 81 (1954) 41 U.S.C.A. § 321), giving finality to the administrative decision ''unless the same is fraudulent [*sic*] or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence.''

The California courts have not had occasion to consider the Wunderlich Act's criteria of finality as judicially declared doctrine. Although the act applies only to federal contracts, Professor Arthur Corbin has suggested: ''. . . the rule that it lays down should be applied in all contract cases alike as a

rule of the common law, including equity. The court should not overlook their powers as successors of the Court of Chancery." (3A Corbin on Contracts (1960) § 652, p. 129.) The federal statutory criteria are consistent with the *Teichert* and *Macomber* decisions, which recognize arbitrariness as a variety of gross error, and with other California decisions, *supra*, recognizing lack of substantial evidentiary support as one kind of arbitrariness.[2]

The substantial evidence rule, moreover, has been highly developed and refined as a standard of appellate review of trial court findings[3] and of judicial review of the findings of administrative agencies.[4] Thus absorbing it as one kind of gross error which permits review of the administrative settlement of public contract disputes is eminently practical.

Although the trial court erred in requiring allegations of fraud or bad faith, there is still a question as to the adequacy of plaintiff's proposed amendments. ■ Where a condition precedent to contractual recovery is an event, as distinguished from an act to be performed by the plaintiff, the complaint must specifically allege the event. (*Byrne* v. *Harvey* (1962) 211 Cal.App.2d 92, 113 [27 Cal.Rptr. 110], quoting Witkin, Cal. Procedure (1954) Pleading, § 261, p. 1237.) ■ Where a fact is pleaded in general or conclusionary terms, followed by an inconsistent specific allegation, the latter controls. (*Stowe* v. *Fritzie Hotels, Inc.* (1955) 44 Cal. 2d 416, 422 [282 P.2d 890].)

Plaintiff's proposed amendment declared that the State Highway Engineer's denial of the claims "was the result of gross error . . . in that said denial was arbitrary and contrary to the weight of the evidence." Gross error and arbitrariness fall into the class of allegations which combine

---

[2]The variety of verbal signals used to open the gate to judicial review and the comparative unreliability of these signals is illustrated by *Terminal Constr. Corp.* v. *Bergen County etc. Authority* (1955) 18 N.J. 294 [113 A.2d 787, 799].) There the court reached a result parallel to ours, but by viewing the engineer's arbitrary action and gross mistake as varieties of fraud. See also 17A C.J.S. 748, text accompanying footnotes 36.10-36.25.

[3]See, e.g., *People* v. *Bassett* (1968) 69 Cal.2d 122, 138-139 [70 Cal. Rptr. 193, 443 P.2d 777]; *Estate of Teed* (1952) 112 Cal.App.2d 638, 644 [247 P.2d 54]; Jaffe, *op. cit. supra*, 69 Harv. L.Rev. at pp. 1025-1031.

[4]See, e.g., *Universal Camera Corp.* v. *N.L.R.B.* (1951) 340 U.S. 474 [95 L.Ed. 456, 71 S.Ct. 456]; *Martin* v. *Alcoholic Beverage etc. Appeals Board* (1959) 52 Cal.2d 238, 246 [340 P.2d 1]; *Argonaut Ins. Exchange* v. *Industrial Acc. Com.* (1958) 49 Cal.2d 706, 713 [321 P.2d 460]; 4 Davis, Administrative Law Treatise, § 29.02.

factual connotations and legal implications. They are relatively large and vague terms, quite inadequate to inform the opposite party of the actual deficiency which may be urged at the trial. ■ Thus, for pleading purposes, gross error and arbitrariness should be classed as legal conclusions, inadequate to support the pleadings unless accompanied by more specific averments. (1 Chadbourn, Grossman, & Van Alstyne, California Pleading, §§ 866, 867.)[5]

■ Plaintiff's conclusionary allegations of gross error and arbitrariness were not supported, indeed were contradicted, by his specific averment of an engineer's decision contrary to the weight of the evidence. Judicial review which extends to reweighing the evidence denotes the reviewing tribunal's power to try the entire controversy de novo, to exercise its independent judgment on the evidence. (*Nardoni* v. *McConnell* (1957) 48 Cal.2d 500, 503 [310 P.2d 644]; *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308, 316 [196 P.2d 20].) The parties had contracted to lay their disputes before an arbiter whose very position evidenced professional skill, as well as long experience and practical familiarity with highway construction problems. Although employed by one of the contracting parties, he was bound to exercise impartial judgment. (*Macomber* v. *State of California, supra,* 250 Cal.App.2d at p. 398; *A. Teichert & Son, Inc.* v. *State of California, supra,* 238 Cal.App.2d at p. 757.) The parties chose a settlement at his hands in preference to adjudication by a court, reserving the latter's availability for the relatively narrow contingency of gross error. Independent, de novo consideration by the court would deprive the administrative settlement of the degree of finality accorded it by the contracting parties. (*Cope* v. *Beaumont* (3d Cir. 1910), 181 F.

[5]Although this damage action may be regarded as one involving judicial review, and certain issues may be classed as conclusions of law for pleading purposes, these characterizations do not necessarily foreshadow the segregation of law issues from fact issues after the evidence is in. Most of the decisions assume that the award of damages by the jury necessarily enmeshes the jury in the business of finding that the administrator's decision is arbitrary or, what is the same thing, lacks substantial evidence. (*Macomber* v. *State of California, supra,* 250 Cal.App.2d at pp. 398-399; *Terminal Constr. Corp.* v. *Bergen County etc. Authority, supra,* 113 A.2d at pp. 801, 804; *James I. Barnes Constr. Co.* v. *Washington Township* (1962) 134 Ind.App. 461 [184 N.E.2d 763, 764-766]; see generally, Weiner, *The Civil Jury Trial and the Law-Fact Distinction,* 54 Cal. L.Rev. 1867 (1966). The present appeal reaches us at the pleading stage. Hence we do not venture into the allocation of finding functions between judge and jury.

756, 758-759 [104 C.C.A. 292]; *Bush* v. *Jones* (3d Cir. 1906) 144 F. 942, 947 [75 C.C.A. 582, 6 L.R.A. N.S. 774]; *Mayer* v. *East Side Logging Co.* (1929) 130 Ore. 341 [278 P. 957, 961]; *City of San Antonio* v. *McKenzie Constr. Co.* (1941) 136 Tex. 315 [150 S.W.2d 989, 996]; see also, *McDonough* v. *Goodcell, supra,* 13 Cal.2d at p. 749.) Since plaintiff's specific assertion of a decision contrary to the weight of the evidence was inconsistent with his conclusionary allegations of gross error and arbitrariness, the proposed amendment failed to cure the deficiency in the complaint.

■ An appeal from a judgment on the pleadings is reviewed as though it were a judgment of dismissal after a general demurrer had been sustained. (*Gill* v. *Curtis Publishing Co.* (1952) 38 Cal.2d 273, 275 [239 P.2d 630].) The order granting a defense judgment on the pleadings was the equivalent of one sustaining a general demurrer without leave to amend. (*Budrow* v. *Wheatcraft* (1953) 115 Cal.App.2d 517, 522 [252 P.2d 637].) If there was any reasonable possibility that plaintiff might state a good cause of action, he should have been given an opportunity to amend. (*Youngman* v. *Nevada Irr. Dist.* (1969) 70 Cal.2d 240, 245 [74 Cal.Rptr. 398, 449 P.2d 462]; *Hardy* v. *Admiral Oil Co.* (1961) 56 Cal.2d 836, 841-842 [16 Cal.Rptr. 894, 366 P.2d 310].) The deficiency in plaintiff's proposed amendment was traceable to an erroneously selected theory of law and did not foreclose the conceivable availability of adequate facts. Accordingly, the court erred in entering judgment on the pleadings.

Judgment reversed with directions to permit plaintiff an opportunity to amend his complaint.

Regan, J., and Janes, J., concurred.