**SHOCKER CONSTRUCTION COMPANY, Plaintiff and Appellant,**

v.

**STATE of Utah, Defendant and Respondent.**

**No. 16670.**

Supreme Court of Utah.

Nov. 6, 1980.

Walter P. Faber, Jr., and Michael A. Neider of Watkins & Faber, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Leland D. Ford, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiff appeals from judgment entered by the District Court, Salt Lake County, sitting without a jury, in plaintiff's favor. Plaintiff alleges error on the part of the Court in granting only 16 percent of plaintiff's claimed damages.

15. 30 Utah 2d 315, 517 P.2d 1010 (1974).

Plaintiff submitted a bid to pave 20 miles of Interstate Highway 80 between Knolls and Low, in Tooele County, in response to the State's published proposal, and was awarded the contract. The contract was a unit price contract and plaintiff's estimated bid was $2,182,198.

The State's proposal, and the contract awarded, provided for plaintiff to remove the ridges and corrugations of the existing pavement, remove the existing surface course to a "minimum of 3/4 inch" and to replace the asphalt in a "single lift."

The existing roadway had excessive oil in the surface course asphalt, with the result that it was bleeding oil, making the pavement slick and forming numerous deep corrugations and ridges in the pavement. This oil rich bituminous had to be removed to a depth of 4 or 6 inches, and in some areas to the subgrade of the roadway.

Plaintiff alleges that this excessive removal, together with changes in the design and character of the construction required by the State's project engineer, constituted such changes to the contract that plaintiff is entitled to its costs for paving the highway together with its expected profits, rather than its bid price. The changes, as alleged by plaintiff were: (1) The excessive removal of the existing asphalt, and its replacement; (2) The requirement by the State's project engineer that plaintiff adhere to the single lift requirement though more than 6 inches of asphalt had to be laid in some places; [1] and (3) The requirement of the State's project engineer that plaintiff construct a uniform transverse grade where such a grade had not been built into the existing roadway, and which requirement was not within the contract.

Plaintiff claimed damages as a result of these three changes in the contract,[2] in the amount of $323,196, which it arrived at by deducting its total costs of labor, material, equipment, overhead and general expenses from the amount paid therefor by the State. In addition, plaintiff claimed expected profits of $120,119, on the theory that the profits were lost because its costs exceeded its bid.

The District Court ruled in favor of plaintiff on numbers (1) and (2) of its allegations, *ante,* but ruled against plaintiff on number (3). In addition, the Court found that some of these damages alleged by plaintiff, under its total cost approach, were not the responsibility of the State but were the result of problems plaintiff had with its own internal operations and improper equipment, or were associated with bad weather.

In awarding damages, the Court found that 16 percent of the total work area was involved with the excessive removal of the oil rich material, and awarded plaintiff 16 percent of its claimed damages on that basis. The Court denied plaintiff any part of its claimed profits on the ground that the evidence showed that profit was a part of the unit cost of individual items set forth in the contract.

The sole issue presented by plaintiff is that the Court erred in not granting the total amount of its claimed damages, together with its expected profits, when it had found liability on the part of the State.

In *Thorn Construction Co., Inc. v. Utah Department of Transportation,* Utah, 598 P.2d 365 (1979), we adopted the principle of law that:

A contractor of public works who, acting reasonably, is misled by incorrect plans and specifications issued by the public authorities as the basis for bids and who, as a result, submits a bid which is lower than he would have otherwise made may recover in a contract action for extra work or expenses necessitated by the conditions being other than represent-

1. The State's standard specifications require multiple lifts where more than 4 inches of surface course is laid.

2. Other damages were claimed at trial, which are not at issue here.

ed. (Quoting from *Souza & McCue Construction Co. v. Superior Court of San Benito County*, 57 Cal.2d 508, 20 Cal.Rptr. 634, 370 P.2d 338, at 339 (1962).)

Plaintiff relies on *Thorn* in its argument that the Court erred in computing the damages.

In *Thorn*, the judgment was affirmed on the basis that the contractor had presented sufficient evidence to sustain the award based on its expenses associated with the two factors on which the District Court found in its favor. Here, however, the plaintiff has failed to associate any portion of its costs specifically with those factors on which the award was based.

Contrary to its evidence at trial, plaintiff now asserts that all of the excess costs of $323,196 were due to the excessive removal of the oil rich material and replacement of surface course. At the trial, plaintiff asserted that these were the costs of paving the entire roadway above the amount paid by the State. Also, we note at trial that plaintiff did not separate its costs attributable to the excessive removal from those caused by the alleged construction of a uniform transverse grade, on which issue the District Court found in favor of the State.

Plaintiff has not proved that it is entitled to damages in excess of those awarded, and we find no basis for overturning the judgment of the District Court. The State has not challenged the award, but requests only that the judgment be affirmed.

Plaintiff's claim for its expected profits must, for the same reason, fail. The evidence supports the Court's finding that profit was a part of each individual unit cost figure in plaintiff's bid. Plaintiff has not shown that it is entitled to any profit above that amount figured as a part of its bid, and for which it has been paid.

Affirmed. No costs awarded.

CROCKETT, C. J., HALL and STEWART, JJ., and R. L. TUCKETT, Retired Justice, concur.

MAUGHAN, J., does not participate herein.