512 P.2d 71

**VINNELL CORPORATION, a California corporation, Plaintiff-Appellant,**

v.

**STATE of New Mexico and New Mexico State Highway Commission, Defendants-Appellees.**

**No. 9605.**

Supreme Court of New Mexico.

July 13, 1973.

Keleher & McLeod, John B. Tittmann, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., E. E. Chavez, Chief Counsel, State Highway Dept., Richard L. Russell, Leslie D. Ringer, State Highway Dept., Asst. Attys. Gen., Santa Fe, for appellees.

## OPINION

McMANUS, Chief Justice.

Suit was brought in the District Court of Santa Fe County to recover damages for breach of a highway construction contract. The court granted summary judgment in favor of defendant State of New Mexico, New Mexico State Highway Commission, as to Counts One, Two, Three, Six and parts of Five, in plaintiff Vinnell Corporation's First Amended Complaint. The court found, pursuant to Rule 54(b) [§ 21-1-1(54)(b), N.M.S.A.1953], that there was no just reason for delay in entering final judgment as to the counts above. From this final judgment, plaintiff appeals.

Count One of the First Amended Complaint alleged that the defendant induced plaintiff to rely on misinformation contained in the contract, plans, and other bid documents. Specifically, it is alleged that there was misrepresentation or negligent representation of the existence of usable materials at a particular site. Materials had to be obtained from a different site, and plaintiff was caused extra work and expense.

Count Two alleged that through misrepresentation or negligent representation by defendant, plaintiff was misinformed concerning the ease of excavation for the roadway of the project. Plaintiff was thereby forced to perform extra work under the contract.

The inclusion of Count Three in the final judgment was possibly the result of inadvertence. Neither party requested that it be included and it does seem to be of a different nature from the rest. Also, the disposition of that count would not affect the result of this opinion and therefore we will not discuss it.

Count Six alleged that defendant made false and erroneous statements about subsurface soil tests in project specifications which were incorporated into the contract and which, when relied upon by plaintiff, resulted in loss to plaintiff.

Count Five alleges additional overhead and indirect expenses resulting from extra work caused to plaintiff by acts of defendant alleged in Counts One and Two, among others.

Summary judgment was granted because it appeared to the trial court that the counts above sounded in tort rather than contract. Relying upon § 22–23–1, N.M.S.A.1953 (1971 Pocket Supp.), the court reasoned that a suit against the state may only be maintained if it is based on a written contract. Section 22–23–1, supra, states, in part: "Actions not otherwise provided by law may be maintained and any judgment enforced against the state and any of its agencies when based on a written contract."

We believe plaintiff's action is based on a written contract and therefore must reverse the judgment entered below. We agree with the following reasoning of the California Supreme Court in Souza & McCue Const. Co. v. Superior Court of San Benito County, 57 Cal.2d 508, 20 Cal.Rptr. 634, 635–636, 370 P.2d 338, 339–340 (1962):

"A contractor of public works who, acting reasonably, is misled by incorrect plans and specifications issued by the public authorities as the basis for bids and who, as a result, submits a bid which is lower than he would have otherwise made may recover in a contract action for extra work or expenses necessitated by the conditions being other than as represented. (E. g., United States v. Spearin, 248 U.S. 132, 136–137, 39 S.Ct. 59, 63 L.Ed. 166; Christie v. United States, 237 U.S. 234, 239–242, 35 S.Ct. 565, 59 L.Ed. 933; McCree & Company v. State, 253 Minn. 295, 91 N.W.2d 713, 721–722; see Gogo v. Los Angeles, etc. Flood Control Dist., 45 Cal.App.2d 334, 341, 114 P.2d 65; 43 Am.Jur. 852; Annotation 76 A.L.R. 268.) This rule is mainly based on the theory that the furnishing of misleading plans and specifications by the public body constitutes a breach of an implied warranty of their correctness. The fact that a breach is fraudulent does not make the rule inapplicable. (Jackson v. State, 210 App.Div.

115, 205 N.Y.S. 658, 664 (affd. 241 N.Y. 563, 150 N.E. 556); cf. Chapman v. State, supra, 104 Cal. [690] at p. 695, 38 P. 457; Hersey Gravel Co. v. State, 305 Mich. 333, 9 N.W.2d 567, 569, 173 A.L.R. 302.) Souza's proposed pleading states causes of action in contract on the basis of the alleged fraudulent breach by Salinas."

Since 1962, the California Supreme Court has quoted from Souza, supra, with approval. E. H. Morrill Company v. State, 65 Cal.2d 787, 56 Cal.Rptr. 479, 423 P.2d 551 (1967).

■ In the case before us plaintiff's characterization of defendant's representations as "negligent" does not determine the nature of the cause of action. What is determinative is the allegation that conditions to be found in the area of the project were not as warranted. The reasons why misinformation was given are of secondary importance. Thus, this action is based on a written contract, within the meaning of § 22–23–1, supra, and may be maintained against the state and its highway commission.

■ Proposing an alternative theory upon which the judgment of the trial court might be sustained, the state argues that, as a matter of law, no representations were made in the contract or in documents incorporated therein. The argument seems to be: Even though alleged representations of conditions may appear in the contract documents, they are accompanied by sufficient exculpatory language to keep the state safe, as a matter of law, from having warranted any conditions. Therefore, the argument concludes, no representations were made and plaintiff's action must be based on something other than the written contract. We do not accept this reasoning, because there are possible issues of fact.

We hereby reverse and remand to the District Court of Santa Fe County for further action consistent with this opinion.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.