982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry W. ROGERS, d/b/a Jerry Rogers Excavation, Plaintiff/Appellee,
v.
EDDY COUNTY BOARD OF COMMISSIONERS; Bob Stockwell, as Eddy
County Manager; William Alsop, County Commissioner; Fred
Alvarez, County Commissioner; Nancy Brantley, County
Commissioner; Bill Kirkes, County Commissioner; W.L. Jay
Mobley, County Commissioner; EDDY COUNTY,
Defendants/Counter-Claimants/Appellants.
 No. 91-2229.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before JOHN P. MOORE and BRORBY, Circuit Judges, and THEIS, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The Eddy County Board of Commissioners (the county) appeals a judgment entered against it following a trial to the court. In this diversity action for recovery of damages for breach of contract or unjust enrichment, the district court found the plaintiff, Jerry W. Rogers, doing business as Rogers Excavating Company (Rogers), had entered into a written contract which was subsequently breached by the defendant county. Alternatively, the court held if there was no contract, the county was unjustly enriched when it seized and put to its own use property produced by the plaintiff. Concluding the district court correctly held the county breached the contract, we do not consider whether an action in unjust enrichment will lie. We affirm the judgment of the district court.
 
 
 2
 Although the county attempts to focus upon innuendo either undecided or resolved contrary to its position, the operative facts lie in the findings of the court. Since those findings are not clearly erroneous, indeed the county does not even suggest that they are, the findings are binding upon us. Fed.R.Civ.P. 52(a).
 
 
 3
 The only questions before us are pure questions of law which we must decide de novo. Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 1221 (1991). Nonetheless, that decision is circumscribed by the facts found by the district court. Therefore, the county's effort to influence us by recitation of irrelevant testimony is unavailing and improper.
 
 
 4
 Prior to trial, the parties stipulated to a number of facts. Accordingly, it was uncontested that:
 
 
 5
 1. For the years 1985 through 1988, Rogers submitted bids and proposals to Eddy County in response to the county's public invitation for sealed bids and proposals. For each of those years, the county accepted Rogers' bids as well as bids from others.
 
 
 6
 2. For the calendar year 1988, the county received bids from Rogers in response to an invitation. The county replied, notifying Rogers by letter that his bid was accepted.
 
 
 7
 3. "In the first three months of 1988, the County continuing [sic] to haul materials from Jerry Rogers." In March 1988, the county discovered "discrepancies in the billing process." At the end of that month, the county stopped hauling gravel produced by Rogers, and it did not pay Rogers the last two invoices it received from Rogers for hauling materials in March 1988.
 
 
 8
 4. "The County removed the stockpiles created by Jerry Rogers in eleven days, hauling 2,381 truck loads of materials."[1]
 
 
 9
 From other evidence, the district court also found:
 
 
 10
 1. "The parties followed the practice and procedure of operating under a bid or proposal beyond the termination dates specified in the bid proposals until a new invitation for bid or proposal was issued and a new bid or proposal accepted on a later date."
 
 
 11
 2. During the eleven days in 1989 during which the county removed material from Rogers' stockpile, the county took specific products valued at a net price of $205,190.91. In addition, the court determined the county owed $15,146.45 for unpaid invoices from Rogers.
 
 
 12
 On the basis of the stipulated and proven facts, the court concluded the bids and proposals constituted indefinite quantity contracts under N.M.Stat.Ann. § 13-1-63 1978 (1988 Repl.); that indefinite quantity contracts are permissible under § 13-1-149; that the 1988 contract consisted of the county's invitation for sealed proposals, Rogers' proposal, and the county's letter of February 16, 1988, accepting the proposal.
 
 
 13
 Critical to the issues before us, the court next concluded because of the practice of the parties in which they continued operations beyond calendar years based upon the immediately prior invitation or proposal, "the 1988 contract was still in force as of January 27, 1989," and that contract "constituted a valid written contract within the meaning of 37-1-23 N.M.S.A.1978." Consequently, the court held, when the county removed material from the stockpile, it breached the 1988 written contract resulting in liability in the amount of $205,190.91. That liability is not shielded by sovereign immunity, the court held, because the extension of the contract was based upon a written agreement, citing Vinnell Corp. v. New Mexico, 85 N.M. 311, 312 (1973).[2]
 
 
 14
 The county argues the district court "misapplied the appropriate New Mexico law" by concluding the 1988 contract was extended beyond its expiration date through the practice and procedure followed by the parties. The county, however, supports this argument by citation to federal and other state cases not in point. The sole legal issue we see here is whether New Mexico law recognizes the principle that contracts can be modified by the conduct of the contracting parties.
 
 
 15
 New Mexico courts have not had a problem with this question. Indeed, a contract can be modified by the conduct of the parties once its existence is established. Elephant Butte Resort Marina, Inc. v. Woolridge, 102 N.M. 286, 694 P.2d 1351 (1985). "[T]he conduct of the parties in performing an agreement may be relevant to show a modification or waiver of a provision inconsistent with their conduct in the performance of that agreement." Hale Contracting Co. v. United New Mexico Bank of Albuquerque, 110 N.M. 712, 799 P.2d 581, 589 (1990) (emphasis in original). See also N.M.Stat.Ann. § 55-2-207(3).
 
 
 16
 It follows, then, when the parties undertake a course of mutual conduct contrary to the written terms of an agreement, that conduct forms a modification of the original contract. Contrary to the position asserted by the county, the modification is not a separate oral contract. It is a provision incorporated into the original written contract.
 
 
 17
 To counter the effect of this conclusion, the county cites N.M.Stat.Ann. § 13-1-42, which defines the term "contract modification." That definition, standing alone, begs the issue. It does not affect in any way the legal principle recognized by New Mexico courts or established in the sales provision of the Commercial Code adopted by the New Mexico legislature.
 
 
 18
 The only question that remains is whether there is factual support for the trial court's finding the parties had established a practice and procedure for operating beyond the expiration of the contract. Neither of the parties has helped us in this quest, but we have found in the testimony of Mr. Rogers evidence which supports the district court's findings.
 
 
 19
 Mr. Rogers testified that "they [the county] kept hauling it [gravel] from me" after the contracts expired and "until new ones were actually formulated and completed." He also testified that after the expiration of the 1987 contract until the completion of the 1988 contract in February of that year, "they kept hauling." We believe that testimony supports the district court's finding.
 
 
 20
 Having arrived at this point, it is evident the remaining issues raised by the county are moot. The county admits there was a valid contract between it and Rogers in 1988. It refuses only to recognize the effect of the conduct of the parties as a modification of that conduct. Notwithstanding, we conclude the trial court correctly held that contract was modified and subsequently breached. We, therefore, do not need to consider whether the county is immune from an unjust enrichment claim.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Frank G. Theis, Senior Judge for the United States District Court, District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 From other facts in the case, we assume this means the county removed the material over a period of eleven days, and not that Jerry Rogers created the stockpile in eleven days
 
 
 [2]
 The court also concluded if the contract was not breached, the county was unjustly enriched by the same amount and it was not protected by sovereign immunity from a claim for damages. The court made clear, however, this conclusion was an alternative to its breach of contract holding