Filed 7/8/14  Ayala Boring, Inc. v. City of Los Angeles CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| AYALA BORING INC., | B251754 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC501699) |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed.

Mahoney & Soll, Paul M. Mahoney and Richard A. Soll for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Raymond Ilgunas, General Counsel, and Brian Clark Ostler, Deputy City Attorney for Defendants and Respondents.

Ayala Boring Inc. (Ayala) appeals a judgment of dismissal after the sustaining of a demurrer to its complaint without leave to amend. Ayala was a subcontractor on a construction project owned by the City of Los Angeles and its Department of Airports, also known as Los Angeles World Airports.[1] Ayala alleges that the plans and specifications provided by the city were deficient and that it relied on them in submitting its bid for work on the project and suffered damages as a result. Ayala contends it has adequately alleged counts against the city for breach of implied warranty, failure to disclose, negligence, and promissory estoppel. We conclude that the trial court properly sustained the demurrer to each count and will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Factual Background*

Ayala is a licensed contractor and performs subterranean boring and pipe installation. The city solicited bids for a public works project and selected Evans Brothers, Inc. (Evans), as the general contractor. Ayala became a subcontractor through another subcontractor, Valverde Construction, Inc. (Valverde). Ayala's contract with Valderde incorporated by reference the contract between Evans and the city including plans and specifications provided by the city.

---

[1] Any distinction between the City of Los Angeles and Los Angeles World Airports is not relevant in this appeal. We will use the term "the city" to refer to either or both the City of Los Angeles and Los Angeles World Airports.

2. *Prior Action*

Ayala filed a complaint against the city, Valverde, Evans, and others in January 2013 alleging that it had performed work on the project for which it was not compensated and that the sum of $398,255.47 was due and owing. Ayala alleged common counts and a count for breach of contract against Valverde, counts against bond sureties for payment on bonds, and a count against the city and Evans to enforce a stop notice.

Evans filed a cross-complaint followed by a first amended cross-complaint against Valverde and the city, alleging counts for (1) breach of contract, against the city; (2) implied contractual indemnity, against the city; (3) equitable indemnity, against the city; (4) breach of implied warranty of plans and specifications, against the city; (5) express indemnity, against Valverde; and (6) declaratory relief, against Valverde.[2]

3. *Complaint in the Present Action*

Ayala filed its complaint against the city in the present action in February 2013 alleging that the plans and specifications provided by the city were defective because they contained false information and failed to disclose a dangerous condition on the project site. Ayala alleges that the city knew that subcontractors would rely on the plans and specifications and that Ayala actually relied on them, was not aware that they were defective, and suffered $398,255.47 in damages as a result. Ayala alleges counts

---

[2] We granted the city's request for judicial notice of the first amended cross-complaint filed by Evans on January 27, 2014, in case No. BC499817. (Evid. Code, § 452, subd. (d).)

3

against the city for (1) breach of implied warranty of correctness of plans and specifications; (2) failure to disclose important information regarding a construction project; (3) negligence; and (4) promissory estoppel.

4.    *Demurrer*

The city generally demurred to each count alleged in the complaint and specially demurred to each count based on Ayala's failure to allege whether the contract was written, oral, or implied by conduct.  It argued as to the first count that Ayala could not maintain a count for breach of implied warranty without privity of contract with the city.  It argued that the second count was barred by Government Code section 818.8 to the extent that it was based on a fraudulent misrepresentation and otherwise merely duplicated the first count.

The city argued as to Ayala's third count for negligence that negligence in the provision of plans and specifications should be regarded as a contractual count for breach of implied warranty of correctness of plans and specifications, requiring privity of contract.  It also argued that the city was entitled to immunity from liability arising from the exercise of discretion by a city employee (Gov. Code, § 820.2).  It argued as to the fourth count that Ayala failed to allege a promise by the city as necessary to establish promissory estoppel.  The city requested judicial notice of Ayala's complaint filed in case No. BC499817.

Ayala opposed the demurrer.  The trial court sustained the general demurrer to each count without leave to amend.  The court also stated as to the first, second, and fourth counts that Ayala failed to allege whether the contract was written or oral.  The

4

court filed a signed order of dismissal in September 2013.[3]  Ayala timely appealed the judgment.

*CONTENTIONS*

Ayala contends (1) it has adequately alleged counts for breach of implied warranty, failure to disclose, negligence, and promissory estoppel; and (2) it is entitled to leave to amend its complaint.

*DISCUSSION*

1.      *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense.  *(McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  We construe the pleading in a reasonable manner and read the allegations in context.  (*Ibid.*)  We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

---

[3]      A signed order of dismissal is an appealable judgment.  (Code Civ. Proc., § 581d.)

5

It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1082.) The plaintiff has the burden to show how the complaint could be amended to cure any defect. (*Ibid.*) The plaintiff can make that showing for the first time on appeal. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386.)

2. *The Trial Court Properly Sustained the Demurrer to the First Count*

Implied in every public works contract is a warranty that the plans and specifications are correct and that the public entity has disclosed to the contractor all material facts known to the public entity that would affect the contractor's performance costs. (*Los Angeles Unified School Dist. v. Great American Ins. Co.* (2010) 49 Cal.4th 739, 753-754 (*LAUSD*); *Warner Constr. Corp. v. City of Los Angeles* (1970) 2 Cal.3d 285, 294 (*Warner*); *Souza & McCue Constr. Co. v. Superior Court* (1962) 57 Cal.2d 508, 510-511.) An action for breach of implied warranty is a contract action, so governmental immunities under the Government Claims Act (Gov. Code, § 810 et seq.) are inapplicable. (*LAUSD*, *supra*, 49 Cal.4th at p. 748; *Warner*, *supra*, 2 Cal.3d at p. 294, fn. 4.)

An implied warranty arises in favor of a party to a contract and generally cannot be enforced by a stranger to the contract. "The general rule is that privity of contract is required in an action for breach of either express or implied warranty . . . . " (*Burr v. Sherwin Williams Co.* (1954) 42 Cal.2d 682, 695.) Exceptions have been recognized with respect to foodstuffs, drugs, and certain other products. (*Ibid.*; *Jones v.*

6

*ConocoPhillips* (2011) 198 Cal.App.4th 1187, 1201 [noting exceptions].)  Ayala does

not argue that any recognized exception applies here or that it was a third party

beneficiary of the city's contract with Evans and therefore has shown no error based on

such theories.

Ayala argues that it is subject to the burden of Public Contract Code section 7104

and therefore is entitled to the benefit of the statute.[4]  Section 7104 generally provides

that public works contracts of local public entities involving excavations deeper than

---

[4]    "Any public works contract of a local public entity which involves digging trenches or other excavations that extend deeper than four feet below the surface shall contain a clause which provides the following:

"(a) That the contractor shall promptly, and before the following conditions are disturbed, notify the local public entity, in writing, of any:

"(1) Material that the contractor believes may be material that is hazardous waste, as defined in Section 25117 of the Health and Safety Code, that is required to be removed to a Class I, Class II, or Class III disposal site in accordance with provisions of existing law.

"(2) Subsurface or latent physical conditions at the site differing from those indicated by information about the site made available to bidders prior to the deadline for submitting bids.

"(3) Unknown physical conditions at the site of any unusual nature, different materially from those ordinarily encountered and generally recognized as inherent in work of the character provided for in the contract.

"(b) That the local public entity shall promptly investigate the conditions, and if it finds that the conditions do materially so differ, or do involve hazardous waste, and cause a decrease or increase in the contractor's cost of, or the time required for, performance of any part of the work shall issue a change order under the procedures described in the contract.

"(c) That, in the event that a dispute arises between the local public entity and the contractor whether the conditions materially differ, or involve hazardous waste, or cause a decrease or increase in the contractor's cost of, or time required for, performance of any part of the work, the contractor shall not be excused from any scheduled completion date provided for by the contract, but shall proceed with all work to be performed under the contract. The contractor shall retain any and all rights provided either by contract or by law which pertain to the resolution of disputes and protests between the contracting parties." (Pub. Contract Code, § 7104.)

7

four feet must contain a clause requiring the contractor to promptly notify the public entity of physical conditions that materially differ from those previously disclosed to the contractor or those ordinarily encountered. (*Id.*, subd. (a).) Such contracts also must contain a clause requiring the public entity to issue a change order if it finds that the physical conditions do so materially differ and that such differences affect the cost of performance or the time required for performance. (*Id.*, subd. (b).) Ayala alleges in its complaint that its contract with Valverde incorporates by reference the city's contract with Evans, and the city's contract with Evans includes the language required by section 7104.

Public Contract Code section 7104 by its express terms applies only to public works contracts of local public entities. It does not apply to contracts between contractors or other contracts to which no local public entity is a party. Section 7104 therefore created no obligation owed by the city to Ayala. Moreover, the city was not a party to the contract between Ayala and Valverde, so the incorporation by reference of language required by section 7104 in that contract created no obligation on the part of the city and cannot support the city's liability for breach of implied warranty.

Ayala also argues that the factors set forth in *Biakanja v. Irving* (1958) 49 Cal.2d 647, 650, support the city 's liability for breach of implied warranty. But the *Biakanja* factors determine the existence of a tort duty of care and do not support extending the implied warranty in the city's contract with Evans to Ayala as a stranger to that contract. We conclude that Ayala as a stranger to the city's contract with Evans cannot maintain an action against the city for breach of implied warranty. The trial court properly

8

sustained the city's demurrer to the first count for breach of implied warranty of correctness of plans and specifications.

3. *The Trial Court Properly Sustained the Demurrer to the Second Count*

Ayala alleges in its second count that the city failed to disclose important information concerning the site conditions. Government Code section 818.8 bars a tort action for negligent or intentional misrepresentation against a public entity, but does not affect an action in contract for breach of warranty.[5] (*LAUSD*, *supra*, 49 Cal.4th at p. 748; *Warner*, *supra*, 2 Cal.3d at pp. 293-294 & fn. 4.) Accordingly, we construe the second count as a count for breach of the same implied warranty discussed above. (See *Warner*, *supra*, at pp. 290, 293-294 [treated a count for "fraudulent concealment" as a count for breach of implied warranty].) We conclude that Ayala as a third party to the city's contract with Evans cannot maintain an action for breach of implied warranty for the same reasons discussed above. The trial court properly sustained the city's demurrer to the second count.

4. *The Trial Court Properly Sustained the Demurrer to the Third Count*

Ayala alleges in its third count that city employees "negligently and carelessly drafted, labeled, designed, distributed, analyzed, recommended, and advertised the plans and specifications by providing a false depiction of the project site and not advertising that the project site was different than advertised and that the site had a potential to

---

[5] "A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." (Gov. Code, § 818.8.)

cause damage to property and injury to person." Although the third count is labeled "Negligence," the essence of the count is that the city's plans and specifications negligently misrepresented the site conditions. Ayala's alleged injury arose not merely because the plans and specifications allegedly were negligently drafted, but because the allegedly deficient plans and specifications were communicated to Ayala. A negligent misrepresentation is the assertion of a fact that is not true and is made without reasonable ground for the assertion. (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 407-408, citing Civ. Code, §§ 1572, subd. 2, 1710, subd. 2.) We regard the third count as alleging a negligent misrepresentation.

Government Code section 818.8 immunizes the city from tort liability for a misrepresentation by its employees, whether intentional or negligent. The city therefore is immune from liability on the third count, and the sustaining of the demurrer to the third count for negligent misrepresentation was proper.

5. *The Trial Court Properly Sustained the Demurrer to the Fourth Count*

Ayala alleges in its fourth count that the city made "promises and representations" that it reasonably should have expected would induce action by Ayala and that actually induced such action. It alleges that the city reasonably should have expected that subcontractors would rely on the plans and specifications, that Ayala reasonably relied on them, and that the plans and specifications were incorrect and failed to disclose a dangerous condition on the project site. Ayala alleges further that "[t]he plans and specifications . . . constituted a promise by Defendants wherein Defendants reasonably expected to induce Plaintiff to bid upon the plans and

10

specifications and to perform the work specified in the plans and specifications if Plaintiff was the successful bidder . . . . ''  Thus, Ayala alleges that the plans and specifications constituted or contained "promises and representations" that the conditions of the project site were as represented in the plans and specifications.

The doctrine of promissory estoppel provides that a promise that the promisor should reasonably expect to induce action on the part of the promisee or a third person and that induces such action or forbearance is binding if enforcement of the promise is necessary in order to avoid injustice.  (*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 310 (*Kajima*); Rest.2d Contracts, § 90, subd. (1).[6])  A "promise" for purposes of promissory estoppel means "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made."  (Rest.2d Contracts, § 2, subd. (1).)  In other words, promissory estoppel requires a promise to act or refrain from acting in a specified way.

Ayala's allegations involve representations regarding the site conditions rather than a promise to act or refrain from acting in a specified way.  We conclude that Ayala fails to allege an actionable promise.  We therefore conclude that the trial court properly sustained the demurrer to the fourth count for promissory estoppel.

---

[6]     Section 90, subdivision (1) of the Restatement Second of Contracts states: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."  California courts have adopted section 90.  (*Kajima*, *supra*, 23 Cal.4th at p. 310.)

11

6.      *Ayala Is Not Entitled to Leave to Amend*

Ayala contends it is entitled to leave to amend its complaint to cure any defects. The plaintiff has the burden of showing how the complaint can be amended to cure any defects. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1082.) A general argument that the complaint can be amended to cure any defects therefore is insufficient.

Ayala also argues that it is entitled to leave to amend its complaint "to further clarify that there is no need for a privity of contract in this case." We conclude that Ayala has failed to show how its complaint could be amended to state a valid cause of action.

### *DISPOSITION*

The judgment is affirmed.  The city is entitled to recover its costs on appeal.


### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


CROSKEY, J.

WE CONCUR:


KLEIN, P. J.


KITCHING, J.

13